614 So.2d 643 (1993)
Johnny L. MOORER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03790.
District Court of Appeal of Florida, Second District.
February 24, 1993.
James Marion Moorman, Public Defender, and Steven L. Bolotin, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna A. Provonsha, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Johnny L. Moorer, challenges the judgment and sentence imposed upon him after he was found guilty, as charged, of possession of cocaine. We find no merit in the appellant's contention that the state did not present sufficient evidence to sustain the conviction for possession of cocaine. We, accordingly, affirm his conviction without further discussion. We find, however, that the trial court erred in sentencing the appellant and, therefore, reverse *644 and remand for resentencing within the guidelines.
The appellant waived his right to a jury trial in exchange for an agreement that he would receive a sentence of no more than three and one-half years in prison. The agreement also provided that he could be treated as a habitual offender during any term of probation he was required to serve. At the conclusion of the nonjury trial, the trial judge found the appellant guilty as charged. The appellant waived a presentence investigation, and the court, after receiving evidence concerning unpardoned prior convictions, held that he was a habitual offender and sentenced him to serve two years in state prison followed by three years of probation. The court also stated that the appellant would be treated as a habitual offender while he was on probation. The written judgment and sentence form did not find the appellant was a habitual offender, but the order placing him on probation contained a provision which specified that he would be treated as a habitual offender while on probation. This timely appeal followed.
The hybrid sentence imposed upon the appellant, i.e., incarceration without habitual offender status followed by probation as a habitual offender is not consistent with the habitual offender statute and, therefore, improper. § 775.084(4)(e), Fla. Stat. (1989). Burrell v. State, 610 So.2d 594 (Fla. 2d DCA 1992).
The trial court properly found that the appellant was a habitual offender. King v. State, 597 So.2d 309 (Fla. 2d DCA), rev. denied, 602 So.2d 942 (Fla. 1992). Once this determination was made, the court had two alternatives in sentencing the appellant. The court could have elected not to sentence the appellant as a habitual offender and imposed a guidelines sentence, or he could have sentenced him as a habitual offender. § 775.084(4)(a)(b)(c), Fla. Stat. (1989). See Burdick v. State, 594 So.2d 267 (Fla. 1992). He could not do both. Burrell.
The appellant agreed to waive his right to a jury trial in exchange for being allowed to serve any prison sentence imposed upon him in such a manner that he would be eligible for all gain time afforded those who are sentenced under the guidelines. He kept his agreement and must now receive what he bargained for. We, accordingly, reverse and remand for resentencing pursuant to the guidelines. § 775.084(4)(c).
Affirmed in part, reversed in part, and remanded with instructions.
RYDER, A.C.J., and THREADGILL, J., concur.