623 So.2d 547 (1993)
Robert DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-04219.
District Court of Appeal of Florida, Second District.
August 6, 1993.
Rehearing Denied September 15, 1993.
*548 Robert Davis, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Robert Davis, challenges an order finding him guilty of violating the terms and conditions of his probation and the sentence imposed upon him after his probation was revoked. We find no merit in the appellant's contention that the court erred by finding that he had violated his probation. We, accordingly, affirm, without further discussion, the order revoking his probation. We agree, however, with the appellant's contention that he was improperly sentenced and, accordingly, reverse and remand for resentencing.
The appellant, pursuant to a negotiated plea agreement, pled guilty to burglary of a structure and was sentenced to eighteen months imprisonment followed by two years probation. The appellant was not sentenced to imprisonment as a habitual offender, but the sentence form provided that he would serve his probation as a habitual offender. After serving the imprisonment portion of his sentence, the appellant was charged with, and found guilty of, violating his probation on two different occasions. The first time he was placed back on probation, and the second time he was sentenced to ten years imprisonment as a habitual felony offender. This timely appeal followed.
As mentioned above, we find merit in the appellant's contention that the trial court erred by sentencing him as a habitual offender after his probation was revoked. Although the record is not complete, it appears that the court found that the appellant was a habitual offender. Once the court made this determination it could have elected not to sentence him as a habitual offender and impose a guidelines sentence, or it could have sentenced him as a habitual offender. The court could not, however, do both; it could not impose a hybrid split sentence, i.e. incarceration without habitual offender status followed by probation as a habitual offender. Moorer v. State, 614 So.2d 643 (Fla. 2d DCA 1993); Burrell v. State, 610 So.2d 594 (Fla. 2d DCA 1992). The appellant, pursuant to a negotiated plea, served the imprisonment portion of his sentence under the guidelines. Accordingly, based on the facts of this particular case he could not be sentenced as a habitual offender upon revocation of probation. Thompson v. State, 618 So.2d 335 (Fla. 2d DCA 1993). Cf. Snead v. State, 616 So.2d 964 (Fla. 1993).
Since the appellant was improperly sentenced as a habitual offender, we reverse and remand for resentencing within the guidelines. The court may impose a one cell increase for each violation of probation. Thompson. See Williams v. State, 594 So.2d 273 (Fla. 1992); Fla.R.Crim.P. 3.701(d)(14).
Affirmed in part; reversed in part; and remanded.
SCHOONOVER, A.C.J., and THREADGILL and BLUE, JJ., concur.