637 So.2d 254 (1994)
George Eric SHAW, a/k/a Eric Simms, a/k/a Jose C. Lemus, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03794.
District Court of Appeal of Florida, Second District.
March 16, 1994.
Rehearing Denied April 27, 1994.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
*255 Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, George Eric Shaw, challenges the sentences imposed upon him after the trial court revoked his probation in case number 90-12067 and case number 90-12066. We reverse.
In case number 90-12067, the state charged appellant with possession of cocaine and possession of drug paraphernalia. In case number 90-12066, appellant was charged with robbery. He pled guilty and was sentenced to incarceration followed by probation. The trial court imposed habitual offender status for only the probationary portion of the sentences. Appellant did not appeal those sentences. After serving the incarcerative portion of these sentences, appellant was charged with and found guilty of violating his probation in these two cases. The trial court revoked appellant's probation and sentenced him in case number 90-12067 to ten years as a habitual offender, and in case number 90-12066 to thirty years in prison as a habitual offender. The sentences were to run concurrently. Appellant filed a timely notice of appeal from imposition of these sentences.
The appellant raises several issues concerning the sentences imposed upon him. We find merit only in the contention that the trial court erred by imposing a "hybrid" habitual offender sentence. When appellant was originally sentenced in cases 90-12067 and 90-12066, the trial court sentenced appellant to incarceration without habitual offender status followed by probation with habitual offender status. This type of sentencing scheme is improper. Davis v. State, 623 So.2d 547 (Fla. 2d DCA 1993); Branton v. State, 620 So.2d 1073 (Fla. 2d DCA 1993).
We reverse the habitual offender sentences in cases 90-12067 and 90-12066. Since appellant has already served the incarceration portion of these improper sentences, upon remand he must be resentenced within the guidelines. Davis. Upon resentencing, the trial court may of course consider the one cell bump for violations of probation. Davis.
Reversed and remanded for resentencing.
SCHOONOVER, A.C.J., and ALTENBERND and BLUE, JJ., concur.