637 So.2d 971 (1994)
John Henry ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-196.
District Court of Appeal of Florida, Fifth District.
June 3, 1994.
James B. Gibson, Public Defender, and Susan A. Fagan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Wesley Heidt, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Chief Judge.
John Henry Anderson was arrested and charged with possession and delivery of cocaine resulting from a sale to a confidential informant. The police officers with whom the informant was working did not observe her actually make the purchase because she went into a rooming house to do so and, although the informant was wired at the time of the buy, the officers could not identify the voice they heard as Anderson's.
The informant testified that Anderson was the individual who sold her the cocaine and although Anderson, his brother and two friends testified that Anderson was elsewhere playing cards when the purchase occurred, the jury found him guilty on both counts. The court determined that Anderson was an habitual felony offender and sentenced him to thirty years' incarceration on one count and ten years' incarceration on the second count to run consecutive.
As a result of a previous robbery conviction, Anderson was on probation at the time of his arrest for the cocaine charges. And although the State, prior to the original sentence on the robbery conviction, had filed a notice of intent to seek habitualization and had served a copy on Anderson's attorney, at the original sentencing the State recommended that Anderson receive a guidelines sentence without habitualization. Anderson was sentenced to four and one-half years' *972 incarceration to be followed by two years' probation. When Anderson was convicted of the cocaine charge, however, the State filed a second notice of intent to seek habitual felony offender status for the new sentencing on the prior robbery charge due to the violation of probation.[1] The trial judge found that Anderson had violated his probation, revoked it, and sentenced him to thirty years' incarceration as an habitual felony offender. The sentence was to run concurrent with the sentence on the cocaine conviction.
Anderson filed a timely notice of appeal of his cocaine convictions and his sentences. We find no merit to Anderson's various challenges relating to his convictions for possession and delivery of cocaine. However, we reverse his sentences and remand.
In Hale v. State, 630 So.2d 521 (Fla. 1993), the supreme court held:
We conclude that, under the statutory penalty for each offense, the trial court may sentence this defendant separately for the possession [of cocaine], and sentence him separately for the sale [of cocaine], and make each sentence consecutive to the other. However, the trial court is not authorized, in our view, to both enhance [the defendant's] sentence as a habitual offender and make each of the enhanced habitual offender sentences for the possession and the sale of the same identical piece of cocaine consecutive, without specific legislative authorization in the habitual offender statute.
The trial court's consecutive sentencing, although seemingly consistent with section 775.021(4)(a) and 921.16, Florida Statutes (1993), is inconsistent with Hale. The supreme court now holds that a sentencing court must elect either consecutive sentences or habitualization. It should be noted, however, that Hale was released some months after the sentence in this case.
Further, the court should reconsider its habitual sentence on the robbery charge. A question remains as to the sufficiency of the notice of intent to habitualize given prior to the original sentence on this charge. The record reflects that the notice was filed and was served on the defense attorney. However, the notice form leaves blank that portion reflecting service on the defendant himself  a statutory requirement. If Anderson had actual notice, however, of the State's intent to seek habitualization at the time of the original sentence, then strict statutory compliance is unnecessary. Massey v. State, 589 So.2d 336 (Fla. 5th DCA 1991), approved, 609 So.2d 598 (Fla. 1992). See also, Roberts v. State, 559 So.2d 289 (Fla. 2d DCA 1990), dismissed, 564 So.2d 488 (Fla. 1990), and Rowe v. State, 574 So.2d 1107 (Fla. 2d DCA 1990), rev. denied, 576 So.2d 290 (Fla. 1991) (where written notice served only upon the defendant's counsel, no due process violation occurs if the defendant had actual notice). Upon resentencing, the court should determine whether Anderson had the requisite actual notice.
AFFIRMED in part; REVERSED in part and REMANDED for resentencing.
COBB and W. SHARP, JJ., concur.
NOTES
[1] Since notice of intent to habitualize had been properly filed at the time of the original sentence (assuming defendant had actual notice of the filing as discussed later in this opinion), Snead v. State, 616 So.2d 964 (Fla. 1993), appears to authorize habitualization after violation of probation even if the defendant was not originally habitualized.