BLUE, Judge.
Leo Holmes Guión challenges the sentences imposed following the revocation of his probation. Guión contends the trial court erred when it originally sentenced him to a “hybrid” habitual offender sentence. We agree and reverse.
Guión was charged with deliveiy of cocaine and possession of cocaine. On count one, he was sentenced to two and one-half years in prison followed by three years of probation. On count two, he was sentenced to three years of probation, concurrent to the probation in count one. The record indicates the trial judge imposed habitual offender status only for the probationary portion of the sentences. Guión did not appeal those sentences.
After serving the prison term, Guión was charged with and found guilty of violating his probation. The trial court revoked the probation and sentenced him to four years in prison as a habitual offender. The sentences were to run concurrently. Guión filed a timely notice of appeal from the imposition of these sentences.
Incarceration without habitual offender status followed by probation with habitual offender status is an improper “hybrid” sentence. Shaw v. State, 637 So.2d 254 (Fla. 2d DCA 1994); Moorer v. State, 614 So.2d 643 (Fla. 2d DCA 1993); Burrell v. State, 610 So.2d 594 (Fla. 2d DCA 1992). Accordingly, we reverse the habitual offender prison sentences. Because Guión has already served the incarcerative portion of these improper sentences, on remand he must be resen-tenced within the guidelines. See Davis v. State, 623 So.2d 547 (Fla. 2d DCA 1993).
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.