648 So.2d 183 (1994)
Marvin Lee KING, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1261.
District Court of Appeal of Florida, First District.
December 15, 1994.
Nancy A. Daniels, Public Defender, Faye A. Boyce, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Amelia L. Beisner, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for appellee.
LAWRENCE, Judge.
Marvin Lee King (King) appeals his judgments and sentences as an habitual felony offender in three separate cases. In cases 89-3278 and 89-3280, the State properly concedes that the sentences should be reversed and remanded for resentencing because King was misinformed as to the maximum sentences which could be imposed before he entered a plea of nolo contendere.
In case no. 89-3279, King was charged with one count of burglary of a dwelling with assault and one count of robbery. The State served King before trial with a notice of intent to seek habitual felony sentencing. King was convicted as charged by a jury. The sentencing judge found King to be an habitual felony offender, based upon the statutory *184 criteria, but elected to impose a non-habitual felony offender sentence of ten years in prison to be followed by two years of probation. After being released from prison and while on probation, King violated the order imposing probation. The State, prior to sentencing, served King with a second notice of its intent to seek sentencing as an habitual felon. The judge sentencing King for violation of probation noted that King had been found to be an habitual felony offender at his original sentencing hearing; the judge then sentenced King to concurrent terms of thirty years in state prison as an habitual felon.
King raises two issues, one of which is his challenge to the facial constitutionality of section 775.084, Florida Statutes (1989). Section 775.084 was held constitutional in Seabrook v. State, 629 So.2d 129 (Fla. 1993). We therefore reject any contention to the contrary.
The second issue raised by King is whether the trial judge, upon revocation of King's probation, could lawfully impose an habitual felony offender sentence, despite having declined to impose such a sentence at the original sentencing.
Counsel have not cited, nor does our own research reveal, any Florida case which presents the precise issue presented in the instant case. However, having concluded that the trial judge imposed a lawful sentence, we affirm.
We note initially that sentencing under the habitual felon statute is permissive. Burdick v. State, 594 So.2d 267 (Fla. 1992). Thus, the trial judge, notwithstanding his determination that King was an habitual felon, was not required at the original sentencing hearing to impose a sentence of life for burglary of a dwelling with assault, and a term of years not exceeding thirty for robbery, in conformity with section 775.084(4)(a).
King, in arguing that his sentence was illegal, relies on Snead v. State, 616 So.2d 964 (Fla. 1993), although he concedes in his brief that the precise issue presented in the instant case was not presented in Snead. Snead entered a plea of nolo contendere to the charge of possession of cocaine, and was placed on probation. The state's first notice of its intent to seek habitual felony offender sentencing for Snead came only after Snead violated the order of probation and was awaiting sentencing for the second time. In contrast, King was properly determined to be an habitual felon at his first sentencing hearing. The decision in Snead hinged on the fact that, at the first sentencing hearing, Snead did not have notice nor was any attempt made by the state to have him sentenced as an habitual felon, and "[t]herefore, the trial judge did not, at the time of the original sentencing hearing, have the option of imposing a habitual offender sentence." Snead, 616 So.2d at 965. In contrast, the trial judge in the instant case, after having determined that King was an habitual felon, had the option of imposing such a sentence on him at the first sentencing hearing.
King's reliance on Scott v. State, 550 So.2d 111 (Fla. 4th DCA 1989), and Moore v. State, 616 So.2d 596 (Fla. 4th DCA 1993), is similarly misplaced because, as in Snead, the state did not seek habitual felony offender sentencing in either of these cases at the first sentencing hearing.
King next argues that his position is supported by Lambert v. State, 545 So.2d 838 (Fla. 1989). However, an habitual felony offender sentencing issue was not present in Lambert. This case merely held that factors considered in finding a violation of probation or community control could not serve as a valid reason for a guidelines departure sentence. The Snead court said:
We have limited Lambert to those cases "where the factors on which the departure sentence is based relate to the acts or episode constituting the violation of probation or community control." Williams v. State, 581 So.2d 144, 145-146 (Fla. 1991) (quoting Williams v. State, 566 So.2d 299, 301 (Fla. 1st DCA 1990). However, if the reasons for departure existed when the judge initially sentenced the defendant, then the trial court may depart from the presumptive guidelines range and impose a sentence within the statutory limit. Id.; § 948.06(1), Fla. Stat. (1989). Subsection 948.06(1), Florida Statutes (1989), provides that

*185 if probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control.
Snead, 616 So.2d at 965.
The question at bar can arise in several ways. The first is when the trial judge entirely fails to address the issue of habitual offender status at the initial sentencing, even though there may be an underlying factual basis for such status which, if proven and accompanied by proper notice, would qualify a defendant for an habitual offender sentence. The second situation occurs when the trial judge addresses the issue of habitual offender status but, because of some deficiency, determines that a defendant does not qualify for an habitual offender sentence. The third situation occurs when the trial judge validly finds a defendant to be an habitual felony offender but elects, within his discretion, to impose a sentence other than that provided by the habitual felony offender statute. The fourth situation occurs when the trial judge, after proper notice and proof of an adequate factual basis, makes a finding that the defendant is an habitual felon, and imposes an habitual felony offender sentence. King contends that a defendant may not be sentenced as an habitual felon following revocation of probation if the defendant's case arises in any of the first three situations described above. We disagree regarding the third situation  the one at bar. We find nothing which would preclude sentencing as an habitual felon in this circumstance. The trial judge at King's second sentencing hearing did not vacate or abandon the finding of habitual offender status made at the first sentencing hearing. In fact, the trial judge at the second sentencing hearing specifically found that King had been declared an habitual felon at the initial sentencing hearing, that habitual felon sentencing was an option at that time, and nothing had changed during the intervening time which would affect King's status as an habitual offender.
No sound reason exists for foreclosing a trial judge's sentencing options under the circumstances in the instant case. To follow King's logic, the trial judge had only one opportunity to impose an habitual felony offender sentence  at the initial sentencing; thereafter he was forever barred from that possibility. We cannot agree because a critical factor is present, that King violated his order of probation, which permits the trial judge to impose any sentence which was available to the judge at the first sentencing hearing.
We are of the view that the rationale recited in the majority opinion authored by Justice Grimes in Williams v. State, 581 So.2d 144 (Fla. 1991), though habitual offender sentencing is not an issue, provides a sound basis for holding that King's sentence was lawful. The Williams court considered whether a departure sentence could be imposed following revocation of probation, based upon reasons which existed at the time of the initial sentence of probation. The court, in answering the question, reasoned:
[W]e believe that the position advocated by Williams [disallowing a departure sentence following revocation of probation] could have a deterrent effect on probation. A judge might be less willing to give the defendant another chance by putting him on probation if he knew that the preexisting reasons for departure could not be considered in the event the probation was violated. Thus, we hold that the court could properly impose a departure sentence for valid reasons which existed at the time he was placed on probation.
Williams, 581 So.2d at 146.
Similarly, to restrict the trial judge to the imposition of an habitual felony offender sentence only at the initial sentencing hearing, might make the judge less willing initially to risk a more lenient sentence. On the other hand, a contrary position might well encourage a trial judge to give a defendant a second chance under appropriate circumstances, if the judge knows that when such confidence is betrayed, an habitual offender sentence can yet be imposed.
One of our sister courts has taken a position consistent with our analysis:

*186 Since notice of intent to habitualize had been properly filed at the time of the original sentence (assuming defendant had actual notice of the filing as discussed later in this opinion), Snead v. State, 616 So.2d 964 (Fla. 1993), appears to authorize habitualization after violation of probation even if the defendant was not originally habitualized.
Anderson v. State, 637 So.2d 971, 972 n. 1 (Fla. 5th DCA 1994).
Although not cited in the briefs, we are also aware that our sister court in Davis v. State, 623 So.2d 547 (Fla. 2d DCA 1993), has held that an initial sentence of incarceration without habitual offender status followed by probation as an habitual offender, is illegal. King's sentence differs however, in that an intervening factor (violation of probation) is present. Nevertheless, to the extent that our holding in the instant case may be contrary to Davis, we certify conflict to the supreme court.
We consider the issue raised in the instant case to be one of great public importance, and certify to the Florida Supreme Court the following question:
AFTER A TRIAL JUDGE MAKES A VALID FINDING THAT A DEFENDANT IS AN HABITUAL FELONY OFFENDER, AND IMPOSES A NON-HABITUAL OFFENDER SENTENCE OF PRISON, FOLLOWED BY PROBATION, AND THE DEFENDANT SERVES THE PRISON TERM, BUT SUBSEQUENTLY VIOLATES HIS ORDER OF PROBATION, MAY THE TRIAL JUDGE, UPON RESENTENCING, IMPOSE AN HABITUAL FELONY OFFENDER PRISON TERM, THE TOTAL OF WHICH DOES NOT EXCEED THE MAXIMUM ALLOWED BY LAW, PROVIDED THAT IT ALLOWS CREDIT FOR ALL PRIOR PERIODS OF INCARCERATION?
Accordingly, the judgments in all cases are AFFIRMED. The sentences in cases 89-3278 and 89-3280 are REVERSED and REMANDED for resentencing. The sentence in case 89-3279 is AFFIRMED.
SMITH, Senior Judge, concurs.
BENTON, J., concurs and dissents with written opinion.
BENTON, Judge, concurring and dissenting.
I concur in the judgment of the court except insofar as it approves imposition of two punishments for the same offense. No statute authorizes imposition of a habitual offender sentence on a convict who has already been sentenced under the guidelines for the same crime and served ten years of the guidelines sentence in prison. Nor does any court rule purport to authorize such additional punishment.
The decided cases do not support and, indeed, refute the majority's assertion that such authority exists. The Florida Constitution contains an absolute "prohibition against multiple punishments... . Art. I, § 9, Fla. Const." Thompson v. State, 650 So.2d 969 (Fla. 1994). The federal Double Jeopardy Clause, applicable by virtue of the Fourteenth Amendment, also forbids double punishment for the same offense. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).
The crimes of which King was convicted[1] were "punishable as provided in s. 775.082, s. 775.083, or s. 775.084." §§ 810.02 and 812.13, Fla. Stat. (1989) (emphasis supplied). Under the rule of lenity, codified as section 775.021(1), Florida Statutes (1989), "or" should be given its plain meaning and should *187 not be construed to mean "and" in this context.[2]

The Sentencing Options:

Section 775.082 or Section 775.084
Felonies of the second degree like the "strong arm robbery" appellant perpetrated are punishable by up to fifteen years' imprisonment under section 775.082, Florida Statutes (1989), or, as here, because King qualified as a habitual felony offender, by up to 30 years' imprisonment under section 775.084, Florida Statutes (1989). A court imposing a guidelines sentence under section 775.082, Florida Statutes, might not have the option of the fifteen-year statutory maximum: Sentencing guidelines have presumptive application to sentences imposed under section 775.082, Florida Statutes, and may limit the initial prison term a court can mete out. §§ 921.001 et seq., Fla. Stat.; Fla.R.Crim.P. 3.701, 3.702, and 3.986.
Unlike prisoners sentenced under the guidelines, prisoners sentenced as habitual offenders are, moreover, ineligible for parole, conditional release, or control release, and "basic gain-time" cannot foreshorten their prison terms. § 775.084(4)(e), Fla. Stat. (1989); see Lincoln v. Florida Parole Commission, 643 So.2d 668 (Fla. 1st DCA 1994); Corley v. State, 586 So.2d 432 (Fla. 1st DCA 1991).
A burglary with assault is a felony of the first degree punishable by life imprisonment even under section 775.082, Florida Statutes (1989). Originally sentencing King for this offense under section 775.084, Florida Statutes (1989), might nevertheless have allowed greater protection of the public and harsher punishment of appellant, see generally United States v. Lopez, 706 F.2d 108, 110 (2d Cir.1983), by assuring his incarceration for a longer period. See Burdick v. State, 584 So.2d 1035 (Fla. 1st DCA 1991), quashed in part on other grounds, 594 So.2d 267 (Fla. 1992). Unfettered by sentencing guidelines, a court imposing sentence on a habitual felony offender initially under section 775.084, Florida Statutes, is free to impose the statutory maximum.

Habitual Offender Eligibility Determined
Section 775.084(3), Florida Statutes (1989), prescribed the procedure for determining whether appellant qualified as a habitual felony offender,[3] on the basis of statutory criteria that do not differ in any way material to the present case from those in place today.
"Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later;
3. The defendant has not received a pardon for any felony or other qualified *188 offense that is necessary for the operation of this section; and
4. A conviction of a felony or other qualified offense necessary to the operation of this section has not been set aside in any postconviction proceeding.
§ 775.084(1)(a), Fla. Stat. (1989). Since the 1988 amendments, chapter 88-131, section 6, at 706, Laws of Florida, the determination that a defendant qualifies as a habitual felony offender has been characterized as "ministerial." King v. State, 597 So.2d 309, 313 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla. 1992); see McKnight v. State, 616 So.2d 31 (Fla. 1993).

Original Sentencing Under Section 775.082
The statutes and cases make clear nevertheless that the trial court must make a genuine choice in deciding whether or not sentencing under section 775.084 is "necessary for the protection of the public." § 775.084(4)(c), Fla. Stat. (1989); e.g., Burdick, 594 So.2d at 267; Grimes v. State, 616 So.2d 996 (Fla. 1st DCA 1993); King, 597 So.2d at 314; Donald v. State, 562 So.2d 792, 795 (Fla. 1st DCA 1990) ("court has the option, under section 775.084(4)(c), Florida Statutes (Supp. 1988), of deciding that sentencing under the statute is not necessary for the protection of the public"), review denied, 576 So.2d 291 (Fla. 1991), disapproved on other grounds, State v. Washington, 594 So.2d 291 (Fla. 1992).
Because the original sentencing judge concluded that no necessity for sentencing appellant as a habitual offender existed, the statute directed that "sentence ... be imposed without regard to ... section [775.084]." § 775.084(4)(c), Fla. Stat. (1989). The trial court ruled, in initially pronouncing sentence:
I believe it appropriate that the Court at this time, first of all, find that you do qualify as a habitual felon offender because of the convictions for felonies within the five years prior to today's date. The Court, however, believes that considering the guideline sentence, considering the facts and circumstances of this case proved at trial, that the imposition of a sentence under the habitual felon saction [sic] is not necessary for the protection of the public because a satisfactory alternative exists in imposing a guideline sentence and, therefore, I shall not impose sentence in accordance with the habitual felon statute, but I shall hereby sentence you to 10 years in the state prison followed by two years' probation.
While recognizing that appellant qualified for, and so was in jeopardy of receiving,[4] sentences as a habitual felony offender, the original sentencing judge explicitly rejected the habitual offender option and imposed a guidelines sentence under section 775.082, Florida Statutes (1989) instead. See State v. Rinkins, 646 So.2d 727 (Fla. 1994); Geohagen v. State, 639 So.2d 611 (Fla. 1994); King, 597 So.2d at 314-15 ("conclud[ing] that a trial judge retains the discretion to ... decide not to sentence the defendant as an habitual offender").

Second Sentencing For Same Offenses
After appellant had served the prison portion of his guidelines sentences, he was released on probation.[5] Before the probationary *189 period had elapsed, the court ordered probation revoked on grounds not questioned here. At the resentencing hearing, a different judge ruled:
[T]he Court specifically finds at the time that he was originally placed on supervision that he did, in fact, qualify for the imposition of habitual felony sanctions, and the Court further finds that it is permissible for this Court now to impose those sanctions based on the circumstances as they appeared at the time that he was originally put on probation.
When the court referred to "the time that he was originally placed on supervision" or "put on probation," the court necessarily made reference to the time when appellant was originally sentenced. Counsel (and appellee) informed the court on the record during the second sentencing hearing that appellant, in accordance with the original guidelines sentence, had served a prison term before being placed on probation. Even so, the second sentencing judge sentenced appellant "as a habitual offender to 30 years in the state prison" for each of the crimes for which he had originally been sentenced under the guidelines, directing the habitual felony offender sentences "to run concurrent," and allowing credit on each for time already served.

Sentencing Following Revocation of Probation
The original "concept of probation ... was to provide an alternative to the imposition by sentence, of the penalties provided by law for the commission of a criminal offense." Hankey v. State, 529 So.2d 736, 738 (Fla. 5th DCA 1988) (Cowart, J., dissenting). Section 948.01(2), Florida Statutes (1993) still provides that
If it appears to the court ... that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law, the court ... shall stay and withhold the imposition of sentence upon such defendant and shall place him on probation.
The statutory authority for sentencing after revocation of probation assumes there has been no previous sentence of imprisonment, when it provides: "If ... probation ... is revoked, the court shall ... impose any sentence which it might have originally imposed before placing the probationer ... on probation... ." § 948.06(1), Fla. Stat. (1989); see State v. Watts, 558 So.2d 994 (Fla. 1990).
Construing these statutory provisions together with the sentencing guidelines requirements, the supreme court has authorized trial courts to "impose a departure sentence for valid reasons which existed at the time [the defendant] was placed on probation," Williams v. State, 581 So.2d 144, 146 (Fla. 1991), where a trial court has withheld imposition of sentence[6] of imprisonment and placed the defendant on probation, then imposed sentence of imprisonment for the first time upon revocation of probation. The only prison sentence involved in Snead v. State, *190 616 So.2d 964 (Fla. 1993) was also imposed for the first time after probation was revoked.[7]
Absent errors of law or fact at the original sentencing, imposition of a second sentence of imprisonment after a convict has served part of his original prison term is not authorized, except in the case of "bump-ups" under the guidelines. Florida Rule of Criminal Procedure 3.701(d)(14) provides: "The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure." But the rule unequivocally requires: "Sentences imposed after revocation of probation or community control must be in accordance with the guidelines." Fla. R.Crim.P. 3.701(d)(14); see Franklin v. State, 545 So.2d 851 (Fla. 1989).
The defendant in Davis v. State, 623 So.2d 547, 548 (Fla. 2d DCA 1993) was sentenced to prison followed by probation. He "was not sentenced to prison as a habitual offender, but the sentence form provided that he would serve his probation as a habitual offender." (The original sentencing judge in the present case never purported to place King on any such "habitualized probation.") Reversing Davis' habitual offender sentence imposed on revocation of probation, the court held that, having "served the imprisonment portion of his sentence under the guidelines [, Davis] could not be sentenced as a habitual offender upon revocation of probation." Davis, 623 So.2d at 548. Other habitual offender sentences imposed after revocation of probation, following imprisonment under the guidelines, have also been reversed. See Thompson v. State, 618 So.2d 335, 336 (Fla. 2nd DCA 1993) (rejecting imprisonment under the guidelines coupled with probation as a habitual offender as an "illegal hybrid sentence"); Moorer v. State, 614 So.2d 643 (Fla. 2d DCA 1993); Burrell v. State, 610 So.2d 594 (Fla. 2d DCA 1992).
In a somewhat different context (so-called reverse split sentences), our supreme court "has made it clear that sentencing alternatives should not be used to thwart the guidelines. Poore v. State, 531 So.2d 161, 165 (Fla. 1988)." Disbrow v. State, 642 So.2d 740 (Fla. 1994) (no exemption from guidelines "mentioned ... any place ... in section 948.01"); Lambert v. State, 545 So.2d 838 (Fla. 1989); Poore, 531 So.2d at 165 ("the cumulative incarceration imposed after violation of probation always will be subject to any limitations imposed by the sentencing guidelines recommendation"). See Cook v. State, 645 So.2d 436 (Fla. 1994).

Florida Constitution Prohibits Double Punishments
"No person shall ... twice be put in jeopardy for the same offense." Art. I, § 9, Fla. Const. "The guarantee against double jeopardy consists of three separate constitutional protections: `It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted) (emphasis added). It is the third protection against multiple punishments for the same offense that is implicated in this case." Lippman v. State, 633 So.2d 1061, 1064 (Fla. 1994).
At one time it was clear, as a matter of Florida constitutional law, that "[o]nce a defendant begins to serve his sentence, the court has no authority to resentence him to a longer term of imprisonment." Hinton v. State, 446 So.2d 712, 713 (Fla. 2d DCA 1984). "[A]rticle I, section 9, of the Florida Constitution ... provide[s] that no person shall be put in jeopardy more than once for the same criminal offense... . [R]esentencing on the same charge is a violation of double jeopardy." Hinton, 446 So.2d at 713. The cases held "that the trial court is without power to set aside a criminal judgment after it has been partly satisfied by the defendant, and impose a new or different judgment increasing the punishment." Beckom v. State, 227 So.2d 232, *191 233 (Fla. 2d DCA 1969), citing Smith v. Brown, 135 Fla. 830, 832, 185 So. 732, 733 (Fla. 1938); see Troupe v. Rowe, 283 So.2d 857 (Fla. 1973).
Just this year our supreme court extended Floridians' right to be free of double punishments to preclude alteration of terms of probation once probation has begun. Lippman, 633 So.2d at 1064.
Once a person begins serving a lawfully imposed sentence, he may not thereafter be resentenced for an increased term of incarceration. Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 291 (Fla. 1991). In Royal v. State, 389 So.2d 696 (Fla. 2nd DCA 1980), the Second District held that where the original five year sentence for a defendant convicted of third degree murder was a legal sentence, the trial court erred in resentencing defendant to 15 years. See also Wilhelm v. State, 543 So.2d 434 (Fla. 2nd DCA 1989) (motion to correct illegal sentences, made approximately one year after sentencing, did not give trial court authority to modify legal sentences that had been rendered on other counts); McKinley v. State, 519 So.2d 1154 (Fla. 5th DCA 1988) (resentencing defendant for both attempted murder and forgery, upon remand from appeal of attempted murder sentence, was error in that forgery conviction was unaffected by appeal); Kelly v. State, 508 So.2d 788 (Fla. 5th DCA 1987): holding limited in part by Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988), approved, 545 So.2d 851 (Fla. 1989) (double jeopardy was violated by trial court's resentencing of defendant on remand as to count that was unaffected by prior appeal).
Ruffin v. State, 589 So.2d 403, 404 (Fla. 5th DCA 1991); see Wright v. State, 599 So.2d 179 (Fla. 2d DCA 1992) (holding habitual offender sentence could not be imposed once service of guidelines sentence had begun); Williams v. State, 553 So.2d 729 (Fla. 2d DCA 1989); Daniels v. State, 513 So.2d 244 (Fla. 2d DCA 1987).
Neither the adoption of the guidelines nor the decision in United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) amended the Florida Constitution. See Traylor v. State, 596 So.2d 957 (Fla. 1992). On the other hand, in the context of probationary split sentencing under the guidelines, the rule of Troupe and Hinton has been at least implicitly modified; and, again in this narrow context, the concept of constitutional finality has undergone what might be described as an Orwellian transformation.[8] Even though service of a guidelines *192 sentence has begun, if ensuing probation is revoked, the original guidelines sentence may be enhanced by "including a one-cell bump-up," Lambert, 545 So.2d at 840, or on grounds that the scoresheet was inaccurate when sentencing was originally pronounced. Roberts v. State, 644 So.2d 81 (Fla. 1994).
Unless the defendant misleads the court as to his eligibility for sentencing as a habitual offender, however, see Harris v. State, 645 So.2d 386 (Fla. 1994) (law); Goene v. State, 577 So.2d 1306 (Fla. 1991) (facts), imposition of a lawful guidelines sentence on which the convict begins service precludes later imposition of a habitual offender sentence for the same offense. Thompson, 618 So.2d at 336; Moorer; Burrell; Wright v. State, 599 So.2d 179 (Fla. 2d DCA 1992); Davis v. State, 587 So.2d 580 (Fla. 1st DCA 1991); Troupe; Hinton; Beckom. Subsequent revocation of probation does not alter this rule. Davis, 623 So.2d at 548.
[V]iolation of probation is not itself an independent offense punishable at law in Florida. The legislature has addressed this issue and chosen to punish conduct underlying violation of probation by revocation of probation, conviction and sentencing for the new offense, addition of status points when sentencing for the new offense, and a one-cell bump-up when sentencing for the original offense. It has declined to create a separate offense punishable with extended prison terms. If departure based upon probation violation were to be approved, the courts unilaterally would be designating probation violation as something other than what the legislature intended.
Lambert, 545 So.2d at 841. The court held in Watts that convicts sentenced to probationary split sentences under the Youthful Offender Act were entitled, at sentencing after revocation of probation, to the benefit of the Act's six-year maximum, despite the State's contention that "the court was free to resentence the defendants under section 948.06(1) to any sentence that the court might have originally imposed." Watts, 558 So.2d at 996.
The sentences appellant received the second time around also violated his federal constitutional rights. The decision in DiFrancesco does not countenance imposition of successive sentences for the same offense under different, alternative sentencing statutes. See generally Department of Revenue of Montana v. Kurth Ranch, ___ U.S. ___, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). Under applicable constitutional, statutory, and rule provisions and under the decided cases, the trial court erred in resentencing appellant under the habitual offender statute after initially imposing a probationary split guidelines sentence for the same offenses. To the extent the majority approves what are in my view unlawful and unconstitutional sentences, I respectfully dissent.
NOTES
[1] After trial by jury, King was convicted of two crimes: "strong arm robbery," a felony of the second degree; and burglary of a dwelling during the course of which he committed a battery, a felony of the first degree punishable by life. Case No. 89-3279-E. In the wake of the adverse jury verdict, King pleaded nolo contendere to other pending charges, three counts alleged in two informations. Cases Nos. 89-3278-E and 89-3280-E. On that basis, he was convicted of two more felonies of the second degree, and a second felony of the first degree punishable by life. All five crimes were "punishable as provided in s. 775.082,... or s. 775.084." §§ 810.02 and 812.13, Fla. Stat. (1989).
[2] Both imprisonment under section 775.082 and a fine under section 775.083 may be imposed (if imposed simultaneously) for a single offense, only because section 775.083 specifically provides: "A person who has been convicted of an offense other than a capital felony may be sentenced to pay a fine in addition to any punishment described in s. 775.082." Since section 775.084, Florida Statutes, contains no such language, sentencing may not be imposed under section 775.084 "in addition to ... punishment described in s. 775.082."
[3] Until October 1, 1988, the trial judge was obliged to make an affirmative "finding that the imposition of sentence under the [habitual offender statute] is necessary for the protection of the public from further criminal activity by the defendant." § 775.084(4)(a), Fla. Stat. (1987). As to offenses committed after that date, however, there is no requirement to make "specific findings of fact that show the necessity for an enhanced sentence for the protection of the public from further criminal activity." Newman v. State, 575 So.2d 724, 725 (Fla. 2d DCA 1991); see Arnold v. State, 566 So.2d 37, 38 (Fla. 2d DCA 1990), review denied, 576 So.2d 284 (Fla. 1991).
[4] See Arizona v. Rumsey, 467 U.S. 203, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984). Compare Bullington v. Missouri, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981) with United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). We held in Davis v. State, 587 So.2d 580, 581 (Fla. 1st DCA 1991) that the

trial court's initial decision not to find Davis a habitual offender, after considering the evidence and hearing argument on that issue, constituted an acquittal of a habitual offender sentence. See Brown v. State, 521 So.2d 110, 112 (Fla.), cert. denied, 488 U.S. 912, 109 S.Ct. 270, 102 L.Ed.2d 258 (1988); Donald v. State, 562 So.2d 792, 795 (Fla. 1st DCA 1990), review denied, 576 So.2d 291 (Fla. 1991).
Citing "appellant's constitutional right to be free of facing double jeopardy," Grimes v. State, 616 So.2d 996, 998 (Fla. 1st DCA 1993) (corrected opinion), we have refused to allow resentencing under the habitual offender statute on remand from a successful appeal of guidelines sentences.
[5] Our supreme court decided in Poore v. State, 531 So.2d 161, 164 (Fla. 1988), that sentencing courts have "five basic sentencing alternatives ... [including] a `probationary split sentence' consisting of a period of confinement, none of which is suspended, followed by a period of probation." The court made clear that such sentences "always will be subject to any limitations imposed by the sentencing guidelines recommendation." Poore, 531 So.2d at 165.
[6] Probation has itself been deemed a sentence for purposes of allowing direct review, even without objection in the trial court, of illegal conditions of probation. Larson v. State, 572 So.2d 1368 (Fla. 1991). The supreme court recently held that

the double jeopardy protection against multiple punishments includes the protection against enhancements or extensions of the conditions of probation. See Williams v. State, 578 So.2d 846 (Fla. 4th DCA 1991) (finding that extension of probationary period at subsequent restitution hearing when sentence already imposed at earlier sentencing hearing violated double jeopardy).
Section 948.06, Florida Statutes (1987), "provides the sole means by which the court may place additional terms on a previously entered order of probation or community control." Clark v. State, 579 So.2d 109, 110 (Fla. 1991). Before probation may be enhanced, a violation of probation must be formally charged and the probationer must be brought before the court and advised of the charge. Id. at 110-11; § 948.06(1), Fla. Stat. (1987). Absent proof of a violation, the court cannot change an order of probation by enhancing the terms. Clark, 579 So.2d at 110-11.
Lippman v. State, 633 So.2d 1061, 1064 (Fla. 1994). In these senses, probation has been described as one of "five basic sentencing alternatives in Florida." Poore v. State, 531 So.2d 161, 164 (Fla. 1988). Most recently, however, our supreme court has espoused the more traditional view that a "probationary period is not a `sentence.'" State v. Summers, 642 So.2d 742, 744 (Fla. 1994).
[7] In Anderson v. State, 637 So.2d 971, 972 n. 1 (Fla. 5th DCA 1994), language interpreting Snead, while it supports the majority's position, fails to take into account that Snead had never begun service of a guidelines sentence.
[8] Citing Scott v. State, 326 So.2d 165 (Fla.) (holding sentence imposed upon revocation of probation after trial on remand may exceed sentence imposed after first trial), cert. denied, 429 U.S. 836, 97 S.Ct. 104, 50 L.Ed.2d 103 (1976), and State v. Payne, 404 So.2d 1055 (Fla. 1981) (holding sentence which probationer never began serving could be enhanced on revocation of probation), the Supreme Court of Florida approved a second guidelines sentence for the same offense in the event probation after an initial term of imprisonment was revoked. Poore, 531 So.2d at 164. In concluding that "[s]uch a resentencing does not violate the prohibition against double jeopardy," Poore, 531 So.2d at 164, the court did not invoke the Florida Constitution by name. Although the Poore language was obiter dicta, the die was cast.

Along came Lambert v. State, 545 So.2d 838 (Fla. 1989). In Lambert, we are told by a divided court that it is no longer possible to depart [from the sentencing guidelines] in [sentencing after revocation for] violation [of probation] cases in excess of the authorized one cell bump up[, but enhancement to this extent is permissible.] The same 4-3 majority confirmed this decision in State v. Tuthill, 545 So.2d 850 (Fla. 1989) and a unanimous court approved this position in Franklin v. State, 545 So.2d 851 (Fla. 1989). A 6-1 majority approved it in Dewberry v. State, 546 So.2d 409 (Fla. 1989). A 6-1 majority approved it in Dewberry v. State, 546 So.2d 409 (Fla. 1989). In Hamilton v. State, 548 So.2d 234 (Fla. 1989) a 5-2 majority again held that factors relating to violations of probation cannot support departure.
Lipscomb v. State, 573 So.2d 429, 431 (Fla. 5th DCA 1991). Looked at one way, when a probationary split sentence is imposed
the original term of confinement is always the maximum allowed by statute. In other words, in originally specifying a period of confinement, the trial court contemplates a longer period of incarceration, the upper end of which it does not disclose to the defendant, and suspends all undisclosed portions thereof during the period of probation.
Carter v. State, 552 So.2d 203, 204 (Fla. 1st DCA) (Barfield, J., concurring), approved, 553 So.2d 169 (Fla. 1989). This analysis contemplates that a convict sentenced under the guidelines will (perhaps repeatedly) violate terms of probation on which he embarks when he leaves prison. Whatever the number of violations, the term of confinement cannot exceed the maximum sentence authorized by section 775.082, Florida Statutes, however. State v. Green, 547 So.2d 925 (Fla. 1989), superseded by statute as stated in Bradley v. State, 631 So.2d 1096 (Fla. 1994).