LAWRENCE, Judge.
Marvin Lee King (King) appeals his judgments and sentences as an habitual felony offender in three separate cases. In cases 89-3278 and 89-3280, the State properly concedes that the sentences should be reversed and remanded for resentencing because King was misinformed as to the maximum sentences which could be imposed before he entered a plea of nolo contendere.
In case no. 89-3279, King was charged with one count of burglary of a dwelling with assault and one count of robbery. The State served King before trial with a notice of intent to seek habitual felony sentencing. King was convicted as charged by a jury. The sentencing judge found King to be an habitual felony offender, based upon the stat *184 utory criteria, but elected to impose a non-habitual felony offender sentence of ten years in prison to be followed by two years of probation. After being released from prison and while on probation, King violated the order imposing probation. The State, prior to sentencing, served King with a second notice of its intent to seek sentencing as an habitual felon. The judge sentencing King for violation of probation noted that King had been found to be an habitual felony offender at his original sentencing hearing; the judge then sentenced King to concurrent terms of thirty years in state prison as an habitual felon.
King raises two issues, one of which is his challenge to the facial constitutionality of section 775.084, Florida Statutes (1989). Section 775.084 was held constitutional in Seabrook v. State, 629 So.2d 129 (Fla.1993). We therefore reject any contention to the contrary.
The second issue raised by King is whether the trial judge, upon revocation of King’s probation, could lawfully impose an habitual felony offender sentence, despite having declined to impose such a sentence at the original sentencing.
Counsel have not cited, nor does our own research reveal, any Florida ease which presents the precise issue presented in the instant case. However, having concluded that the trial judge imposed a lawful sentence, we affirm.
We note initially that sentencing under the habitual felon statute is permissive. Burdick v. State, 594 So.2d 267 (Fla.1992). Thus, the trial judge, notwithstanding his determination that King was an habitual felon, was not required at the original sentencing hearing to impose a sentence of life for burglary of a dwelling with assault, and a term of years not exceeding thirty for robbery, in conformity with section 775.084(4)(a).
King, in arguing that his sentence was illegal, relies on Snead v. State, 616 So.2d 964 (Fla.1993), although he concedes in his brief that the precise issue presented in the instant case was not presented in Snead. Snead entered a plea of nolo contendere to the charge of possession of cocaine, and was placed on probation. The state’s first notice of its intent to seek habitual felony offender sentencing for Snead came only after Snead violated the order of probation and was awaiting sentencing for the second time. In contrast, King was properly determined to be an habitual felon at his first sentencing hearing. The decision in Snead hinged on the fact that, at the first sentencing hearing, Snead did not have notice nor was any attempt made by the state to have him sentenced as an habitual felon, and “[t]herefore, the trial judge did not, at the time of the original sentencing hearing, have the option of imposing a habitual offender sentence.” Snead, 616 So.2d at 965. In contrast, the trial judge in the instant case, after having determined that King was an habitual felon, had the option of imposing such a sentence on him at the first sentencing hearing.
King’s reliance on Scott v. State, 550 So.2d 111 (Fla. 4th DCA 1989), and Moore v. State, 616 So.2d 596 (Fla. 4th DCA 1993), is similarly misplaced because, as in Snead, the state did not seek habitual felony offender sentencing in either of these cases at the first sentencing hearing.
King next argues that his position is supported by Lambert v. State, 545 So.2d 838 (Fla.1989). However, an habitual felony offender sentencing issue was not present in Lambert. This case merely held that factors considered in finding a violation of probation or community control could not serve as a valid reason for a guidelines departure sentence. The Snead court said:
We have limited Lambert to those cases “where the factors on which the departure sentence is based relate to the acts or episode constituting the violation of probation or community control.” Williams v. State, 581 So.2d 144, 145-146 (Fla.1991) (quoting Williams v. State, 566 So.2d 299, 301 (Fla. 1st DCA 1990). However, if the reasons for departure existed when the judge initially sentenced the defendant, then the trial court may depart from the presumptive guidelines range and impose a sentence within the statutory limit. Id.; § 948.06(1), Fla.Stat. (1989). Subsection 948.06(1), Florida Statutes (1989), provides that *185 if probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control.
Snead, 616 So.2d at 965.
The question at bar can arise in several ways. The first is when the trial judge entirely fails to address the issue of habitual offender status at the initial sentencing, even though there may be an underlying factual basis for such status which, if proven and accompanied by proper notice, would qualify a defendant for an habitual offender sentence. The second situation occurs when the trial judge addresses the issue of habitual offender status but, because of some deficiency, determines that a defendant does not qualify for an habitual offender sentence. The third situation occurs when the trial judge validly finds a defendant to be an habitual felony offender but elects, within his discretion, to impose a sentence other than that provided by the habitual felony offender statute. The fourth situation occurs when the trial judge, after proper notice and proof of an adequate factual basis, makes a finding that the defendant is an habitual felon, and imposes an habitual felony offender sentence. King contends that a defendant may not be sentenced as an habitual felon following revocation of probation if the defendant’s case arises in any of the first three situations described above. We disagree regarding the third situation — the one at bar. We find nothing which would preclude sentencing as an habitual felon in this circumstance. The trial judge at King’s second sentencing hearing did not vacate or abandon the finding of habitual offender status made at the first sentencing hearing. In fact, the trial judge at the second sentencing hearing specifically found that King had been declared an habitual felon at the initial sentencing hearing, that habitual felon sentencing was an option at that time, and nothing had changed during the intervening time which would affect King’s status as an habitual offender.
No sound reason exists for foreclosing a trial judge’s sentencing options under the circumstances in the instant case. To follow King’s logic, the trial judge had only one opportunity to impose an habitual felony offender sentence — at the initial sentencing; thereafter he was forever barred from that possibility. We cannot agree because a critical factor is present, that King violated his order of probation, which permits the trial judge to impose any sentence which was available to the judge at the first sentencing hearing.
We are of the view that the rationale recited in the majority opinion authored by Justice Grimes in Williams v. State, 581 So.2d 144 (Fla.1991), though habitual offender sentencing is not an issue, provides a sound basis for holding that King’s sentence was lawful. The Williams court considered whether a departure sentence could be imposed following revocation of probation, based upon reasons which existed at the time of the initial sentence of probation. The court, in answering the question, reasoned:
[W]e believe that the position advocated by Williams [disallowing a departure sentence following revocation of probation] could have a deterrent effect on probation. A judge might be less willing to give the defendant another chance by putting him on probation if he knew that the preexisting reasons for departure could not be considered in the event the probation was violated. Thus, we hold that the court could properly impose a departure sentence for valid reasons which existed at the time he was placed on probation.
Williams, 581 So.2d at 146.
Similarly, to restrict the trial judge to the imposition of an habitual felony offender sentence only at the initial sentencing hearing, might make the judge less willing initially to risk a more lenient sentence. On the other hand, a contrary position might well encourage a trial judge to give a defendant a second chance under appropriate circumstances, if the judge knows that when such confidence is betrayed, an habitual offender sentence can yet be imposed.
One of our sister courts has taken a position consistent with our analysis:
*186 Since notice of intent to habitualize had been properly filed at the time of the original sentence (assuming defendant had actual notice of the filing as discussed later in this opinion), Snead v. State, 616 So.2d 964 (Fla.1993), appears to authorize habit-ualization after violation of probation even if the defendant was not originally habitu-alized.
Anderson v. State, 637 So.2d 971, 972 n. 1 (Fla. 5th DCA 1994).
Although not cited in the briefs, we are also aware that our sister court in Davis v. State, 623 So.2d 547 (Fla. 2d DCA 1993), has held that an initial sentence of incarceration without habitual offender status followed by probation as an habitual offender, is illegal. King’s sentence differs however, in that an intervening factor (violation of probation) is present. Nevertheless, to the extent that our holding in the instant case may be contrary to Davis, we certify conflict to the supreme court.
We consider the issue raised in the instant case to be one of great public importance, and certify to the Florida Supreme Court the following question:
AFTER A TRIAL JUDGE MAKES A VALID FINDING THAT A DEFENDANT IS AN HABITUAL FELONY OFFENDER, AND IMPOSES A NON-HABITUAL OFFENDER SENTENCE OF PRISON, FOLLOWED BY PROBATION, AND THE DEFENDANT SERVES THE PRISON TERM, BUT SUBSEQUENTLY VIOLATES HIS ORDER OF PROBATION, MAY THE TRIAL JUDGE, UPON RESENTENCING, IMPOSE AN HABITUAL FELONY OFFENDER PRISON TERM, THE TOTAL OF WHICH DOES NOT EXCEED THE MAXIMUM ALLOWED BY LAW, PROVIDED THAT IT ALLOWS CREDIT FOR ALL PRIOR PERIODS OF INCARCERATION?
Accordingly, the judgments in all cases are AFFIRMED. The sentences in eases 89-3278 and 89-3280 are REVERSED and REMANDED for resentencing. The sentence in case 89-3279 is AFFIRMED.
SMITH, Senior Judge, concurs.
BENTON, J., concurs and dissents with written opinion.