PER CURIAM.
After appellant was found guilty of burglary of a dwelling, the trial court orally sentenced him to 30 years as a habitual offender, but then suspended the sentence and placed him on 30 years probation, with a special condition that he spend 12 to 14 months at a drug farm. The written judgment of guilt and the probation order, however, reflected only that the appellant was adjudged guilty of the crime, that imposition of the sentence was withheld, and that appellant was placed on 30 years probation, with a list of conditions which included the completion of the drug farm program.
When appellant violated his probation by failing to complete the drug program, the court found him to be a habitual offender and sentenced him as such to 30 years of imprisonment. Appellant now argues that because he was only placed on regular probation, not habitualized probation, he could not have been sentenced as a habitual offender upon revocation of his probation. We disagree.
In Williams v. State, 581 So.2d 144 (Fla. 1991), our supreme court held that a departure sentence could be imposed after revocation of probation based on reasons which existed at the time of the initial sentence of probation. The court reasoned that the defendant’s position would discourage a trial judge from giving a defendant probation if departure could not be considered upon a *1285 subsequent violation. The first district applied the rationale of Williams in King v. State, 648 So.2d 188 (Fla. 1st DCA 1994), affirming a habitual offender sentence under the same circumstances present here. We agree with King.
Appellant also argues, and the state agrees, that the 10 year mandatory minimum is improper since this penalty is reserved only for habitual violent felony offenders. We therefore reverse and remand for the court to strike the mandatory minimum portion of the sentence.
Affirmed in part and reversed in part.
GLICKSTEIN, WARNER and KLEIN, JJ., concur.