683 So.2d 507 (1996)
Robert DUNHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3460.
District Court of Appeal of Florida, Fourth District.
January 3, 1996.
*508 Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Assistant Attorney General, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
STONE, Judge.
The judgment and sentence are affirmed. Appellant's probation was revoked, as violated by his moving his residence without permission and by failing to report for several months. Although the evidence presented concerning whether he lived at his designated residence was substantially hearsay, we consider portions of his testimony to be sufficient corroboration. Therefore, we affirm the revocation order.
Appellant's probation officer testified that she went to a residence address furnished by Appellant. Nobody was home, but the officer was told by a third party that Appellant's mother lived there alone. She spoke to Appellant's mother on two occasions and was advised that Appellant did not actually reside at the mother's house, but called to check in often. Appellant testified, insisting that he did reside at his mother's house, but that he also lived in "the streets" and stayed with his sister or other women who he used to support his drug habit.
In Brown v. State, 659 So.2d 1260 (Fla. 4th DCA 1995), this court determined that a probation violation for changing a residence without consent may not be predicated simply on hearsay statements made to a probation officer/witness by residents at the given residence address, even if family members, that the probationer does not live at that residence. We do not further address Brown, as here there is the factor, apparently not present in Brown, of Appellant's own testimony. See McPherson v. State, 530 So.2d 1095 (Fla. 1st DCA 1988); McNealy v. State, 479 So.2d 138 (Fla. 2d DCA 1985). We also note that the trial court made it clear that he was revoking Appellant's probation on either of the charges in the warrant.
Appellant was sentenced, as a habitual offender, to life in prison for kidnapping and to concurrent 30 year sentences for robbery, burglary, and possession of a firearm by a felon. The probation was initially imposed as a split sentence, pursuant to a negotiated plea of 5 years in prison followed by 5 years probation. That sentence was well below the sentencing guidelines. Incident to his initial plea, Appellant acknowledged that in the event of a subsequent violation, he could be sentenced as a habitual offender. Although the prison sentence imposed at that time did not indicate it was a habitual offender sentence, by agreement, a separate order was entered classifying him as a habitual offender *509 and reserving the right to sentence him as such should he violate probation.
We acknowledge conflict with Shaw v. State, 637 So.2d 254 (Fla. 2d DCA), rev. denied, 648 So.2d 724 (Fla.1994). In Shaw, the defendant was also given a split sentence incident to a plea and, as here, subsequently violated probation and was sentenced upon revocation as a habitual offender. In Shaw, the trial court initially specifically imposed the habitual offender sentence only on the probationary portion of the sentence. The court, in Shaw, deemed this an improper "hybrid" sentence because the burden of habitual status was not imposed on the imprisonment portion of the split sentence. See also Pankhurst v. State, 632 So.2d 142 (Fla. 2d DCA 1994); Davis v. State, 623 So.2d 547 (Fla. 2d DCA 1993); Burrell v. State, 610 So.2d 594 (Fla. 2d DCA 1992). However, we can discern no reason for precluding a defendant from agreeing to the type of split sentence condition imposed here, notwithstanding its "hybrid" characteristics. This issue has been resolved adversely to Appellant in King v. State, 648 So.2d 183, 184 (Fla. 1st DCA 1994), rev. granted, 659 So.2d 1087 (Fla.1995); See also Anderson v. State, 637 So.2d 971, 972 n. 1 (Fla. 5th DCA 1994).[1] This court followed King in Walker v. State, 661 So.2d 954 (Fla. 4th DCA 1995).
In King, the First District recognized that by restricting the trial court's ability to impose this type of split sentencing scheme, courts will be less willing to impose the more lenient sentence than might otherwise be imposed, thereby depriving defendants of the benefit of a substantially shorter prison sentence and the second chance represented by the probation option. The court, in King, recognized that this sentencing issue was likely to arise under one of four ways, saying:
The first is when the trial judge entirely fails to address the issue of habitual offender status at the initial sentencing.... The second situation occurs when the trial judge addresses the issue of habitual offender status but, because of some deficiency, determines that a defendant does not qualify for an habitual offender sentence. The third situation occurs when the trial judge validly finds a defendant to be an habitual felony offender but elects, within his discretion, to impose a sentence other than that provided by the habitual felony offender statute. The fourth situation occurs when the trial judge, after proper notice and proof of an adequate factual basis, makes a finding that the defendant is an habitual felon, and imposes an habitual felony offender sentence.
Id. at 185. Regarding the third situation, the court, in King, recognized that no sound reasoning exists for foreclosing a trial judge's sentencing options under these circumstances. Additionally, we note that even if a "hybrid" sentence might be improper initially, Appellant may waive such a claim where the sentence imposed is incident to a negotiated plea bargain. See Brown v. State. See also Novaton v. State, 634 So.2d 607 (Fla. 1994); Melvin v. State, 645 So.2d 448 (Fla. 1994). Recognizing that the habitual offender sentencing issue is presently before the supreme court on a certified question in King, we withhold issuing the mandate in this appeal pending resolution of the issue by the supreme court.
POLEN and SHAHOOD, JJ., concur.
NOTES
[1] Although Appellant did not appeal the illegal provision when initially announced, he is not precluded from raising it at this time. See Shaw; Watkins v. State, 622 So.2d 1148 (Fla. 1st DCA 1993); Perkins v. State, 616 So.2d 580 (Fla. 2d DCA 1993); Davis.