PER CURIAM.
AFFIRMED.
GLICKSTEIN and GUNTHER, JJ., and LUZZO, JOHN T., Associate Judge, concur.
ON MOTION FOR REHEARING
Appellant’s motion for rehearing is granted. This cause is affirmed in all respects except sentencing. None of the trial court’s reasons for departure from the recommended sentencing guidelines range are valid except the first, the emotional and psychological trauma to the victim. Additionally, the recent Florida Supreme Court case of Griffis v. State, 509 So.2d 1104 (Fla.1987), provides that a statement by the trial court that it would depart for any of the reasons given, standing alone, is not enough to satisfy the burden of proving beyond a reasonable doubt that the sentence would have been the same without the impermissible reasons. See Albritton v. State, 476 So.2d 158 (Fla.1985). Furthermore, the habitual offender statute, section 775.084, Florida Statutes (1985), cannot be used to extend the statutory maximum where the sentencing guidelines were im-permissibly exceeded. Hester v. State, 503 So.2d 1342 (Fla. 1st DCA1987); Whitehead v. State, 498 So.2d 863, 865 (Fla.1987). Therefore, in this case, we hold that the State has not met its burden as established in Albritton and Whitehead, and we reverse and remand for resentencing.
AFFIRMED IN PART, REVERSED IN PART.