539 So.2d 1165 (1989)
Dennis Edward MAULDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0321.
District Court of Appeal of Florida, Fourth District.
March 8, 1989.
Rehearing Denied April 12, 1989.
*1166 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Amy Lynn Diem, Asst. Atty. Gen., West Palm Beach, for appellee.
GARRETT, Judge.
Having been convicted of burglary of a dwelling, grand theft, and trespass, the appellant was sentenced to fifteen (15) years for the burglary and to five (5) years concurrent for the grand theft. In Maulden v. State, 514 So.2d 370 (Fla. 4th DCA 1987), the appellant successfully argued that the trial judge erred in departing from the recommended guideline sentence, and the matter was remanded for resentencing. This court found only "the first, the emotional and psychological trauma to the victim" (emphasis added), of the stated reasons for departure was valid, which appeared with four (4) other stated reasons in the Order for Aggravation of Guideline Sentence.
One of the stated reasons rejected in the first appeal, "(t)he defendant's pattern of committing new crimes shortly after a release from incarceration on several occasions," was similarly stated, "(t)hat the present offense occurred shortly after the Defendant was released from prison," as a reason at resentencing. Smith v. State, 526 So.2d 1060 (Fla. 1st DCA 1988), dictates that once a stated reason for departure is held invalid it cannot be reevaluated and found to be valid by the appellate court on a subsequent appeal.
Shull v. Dugger, 515 So.2d 748 (Fla. 1987), prevents our consideration of "incarceration for prior similar offenses did not serve to deter future criminal behavior" as a reason for departure, as the same is found by us to be a newly stated reason contained in the second sentencing order.
On the original scoresheet the trial judge noted, "(d)efendant... shows an escalating pattern of criminal conduct," but did not include such as a reason for departure on the separate sentence order. On the Order of Sentence prepared in conjunction with the resentencing, "(t)hat there is evidence of an escalating pattern of criminal conduct," was a stated reason for departure. A written notation on a scoresheet has been held to fulfill the requirement of putting the reasons for departure in writing. Torres-Arboledo v. State, 524 So.2d 403 (Fla. 1988). We choose to consider the original scoresheet and sentence order to be a composite writing utilized by the trial judge to express his initial reasons for departure, and therefore, "escalating pattern of criminal conduct,"[1] although not addressed in the first appeal, is not considered by us to be newly stated, and is found to be a valid reason, one recognized as a basis for departure. Keys v. State, 500 So.2d 134 (Fla. 1986).
Having provided a valid reason (one being sufficient) for departure at the original sentencing, the same remains valid for the purposes of this appeal. Abt v. State, 528 So.2d 112 (Fla. 4th DCA 1988).
It appears beyond reasonable doubt that the trial judge would impose the same sentence upon a second remand irrespective of the finding of the additional invalid reason since the two other reasons stated at the second sentencing both relate to "an escalating pattern of criminal conduct," Albritton v. State, 476 So.2d 158 (Fla. 1985), and *1167 accordingly, we affirm.[2]
STONE, J., and WESSEL, JOHN D., Associate Judge, concur.
NOTES
[1] The original scoresheet was prepared and signed on 7/24/86 and the original sentencing order was signed eighteen (18) days later. Since the initial panel referred to "emotional and psychological trauma" as being the first reason for departure, it is logical to conclude that those reasons stated in the prior original scoresheet were never addressed by them. Robinson v. State, 530 So.2d 1085, 1086 (Fla. 4th DCA 1988).
[2] Chapter 87-110, Laws of Florida, does not relieve this court from making the determination of whether the trial court would resentence as it did. This matter predates the enactment of the statute which cannot be applied retroactively. State v. McGriff, 537 So.2d 107 (Fla. 1989).