553 So.2d 1290 (1989)
Troy Dell KIRBY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-3229.
District Court of Appeal of Florida, First District.
December 8, 1989.
Rehearing Denied January 10, 1990.
*1291 Michael E. Allen, Public Defender, Kathleen Stover, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., John M. Koenig, Jr., Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of consecutive five year sentences for two counts of grand theft, and concurrent five year sentences for two counts of passing a worthless bank check. The sentences exceed the Fla.R. Crim.P. 3.701 guidelines recommendation of community control or 12 to 30 months incarceration. Because we find that two of the court's three written reasons permit departure from the guidelines recommendation, in accordance with section 921.001(5), Florida Statutes, we affirm the challenged sentences.
The court's written sentencing order specified three reasons for departing from the guidelines recommendation. The first stated reason was that:
[Appellant] was convicted ... of two felonies which were not scored ... because they were convictions occurring after the commission of the ... offenses in this case.
At sentencing it was represented to the court that the referenced felonies were committed after the offenses for which appellant was being sentenced. In such circumstances the two additional felonies could not be scored as "prior record" under Fla.R.Crim.P. 3.701(d)(5)(a), and may serve as a basis for departure. See Merriex v. State, 521 So.2d 249 (Fla. 1st DCA 1988). While appellant now contests the temporal sequence established below with regard to the various offenses, no such challenge was presented at sentencing and we therefore decline to entertain this factual dispute on appeal. Appellant further argues that in departing from the guidelines recommendation the court imposed a sentence far in excess of that which would have been recommended had the additional felonies been scored under "prior record." While appellant deems this a "proportionality" argument, he is essentially challenging the extent of departure, which is not subject to appellate review. See section 921.001(5), Florida Statutes.
As an additional reason for departing from the guidelines recommendation the court also stated that:
... [Appellant] has entered into an escalating pattern of criminal behavior ... starting with misdemeanor worthless checks and escalating in the past three (3) years to felony fraudulent activities in regards to `worthless check kiting' as had been exhibited in this case.
Insofar as this escalating pattern is supported by an evidentiary predicate, it constitutes a permissible reason for departing from the guidelines recommendation. See e.g., Ponder v. State, 530 So.2d 1057 (Fla. 1st DCA 1988); Keys v. State, 500 So.2d 134 (Fla. 1986). Section 921.001(8), Florida Statutes, expressly approves an "escalating pattern of criminal conduct" as a permissible reason for departure, noting that it "may be evidenced by a progression from nonviolent to violent crimes or a progression of increasingly violent crimes." While appellant's offenses do not involve violent *1292 crimes, we do not construe section 921.001(8) as necessarily requiring a violent progression, as the statutory language indicating that an escalating pattern "may be" so established does not negate the possibility that it may also be established in other ways. We thus adhere to existing case law which approves departure upon an escalating pattern as to the severity of offenses which are strictly nonviolent. See Maulden v. State, 539 So.2d 1165 (Fla.4th DCA 1989); Simmons v. State, 483 So.2d 530 (Fla. 1st DCA 1986).
As a final reason for departure the court stated that:
... In light of [appellant's] continual eighteen (18) year history of writing worthless bank checks, there is insufficient evidence of possible rehabilitation and a glaring inability of [appellant] to recognize and deter from his criminal activity.
While this reason also focuses upon appellant's lengthy history of committing similar offenses, to the extent that the court was concerned with appellant's disregard of the law and inability to be rehabilitated this is an impermissible reason for departure. See e.g., Coleman v. State, 521 So.2d 265 (Fla. 2d DCA 1988). The state concedes that this reason will not support departure from the guidelines recommendation. But where multiple reasons are given, section 921.001(5) provides that "the departure shall be upheld when at least one circumstance or factor justifies the departure... ." Because we find that the court's two other stated reason are permissible justifications for departure, in accordance with section 921.001(5) the existence of a third reasons which is inappropriate does not impact the validity of appellant's sentences.
The challenged sentences are affirmed.
SHIVERS, C.J., and WIGGINTON, J., concur.