566 So.2d 299 (1990)
Randy WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-882.
District Court of Appeal of Florida, First District.
August 8, 1990.
*300 Michael E. Allen, Public Defender and Michael J. Minerva, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Virlindia A. Sample, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Randy Williams appeals a judgment and sentence entered after he violated probation. Prior to placing Williams on probation, the court adjudicated him guilty of possession of cocaine with intent to sell or deliver in violation of section 893.13, Florida Statutes (1987), a second degree felony. Upon revoking his probation, the court sentenced Williams to 7 years' incarceration, which is in excess of the one-cell upward increase authorized by the sentencing guidelines. For the reasons hereafter discussed, we affirm.
In June 1988, Williams entered a plea of nolo contendere and was convicted of possession of cocaine with intent to sell. Instead of sentencing appellant at that time, however, the trial court withheld sentence and placed Williams on 7 years' probation.[1] On March 9, 1989, the trial court found that appellant had violated several conditions of his probation. The court departed from the presumptive guideline sentence of 2 1/2 to 3 1/2 years, and sentenced Williams to 7 years' incarceration. As reasons for departure, the court stated:

*301 1. The Defendant's past criminal history shows that he is not amenable to probation or other forms of rehabilitation based on the fact that he has previously been placed on probation or community control five (5) different times and on each of said occasions he violated same. Therefore, the court finds that an extended term of incarceration is necessary.
2. The Defendant's prior criminal history includes fifteen (15) misdemeanor convictions and one (1) prior third degree felony conviction. There is an escalating pattern to this criminal conduct as shown by his having committed several misdemeanor offenses which were followed by a third degree felony conviction (Grand Theft in the second degree) and then his conviction of the instant offense which is a felony of the second degree.
(R. 67).
Williams contends that both of these reasons are invalid. Williams's assertion regarding the first reason is obviously inconsistent with the supreme court's holding that a history of repeated violations of probation may be used to support departure. Adams v. State, 490 So.2d 53 (Fla. 1986). In this case, however, before the trial court could initially impose probation in lieu of sentence, it necessarily had to find that Williams was not likely again to engage in a criminal course of conduct. § 948.01(3), Fla. Stat. (1987). The first reason, therefore, is facially inconsistent with the finding the trial court necessarily made before placing Williams on probation. Having previously made this determination when imposing probation, we do not believe the trial court was authorized by the sentencing guidelines rules to thereafter base departure upon an opposite finding. Thus, we hold that the first reason is invalid.
The second reason is valid, however. A departure may be based upon an escalating pattern in the severity of the offenses, even though those offenses are strictly nonviolent. Kirby v. State, 553 So.2d 1290 (Fla. 1st DCA 1989), rev. denied 562 So.2d 346 (Fla. 1990). In light of the validity of one of the stated reasons, the departure sentence may be upheld notwithstanding the presence of the invalid reason, § 921.001(5), Fla. Stat. (1987); Taylor v. State, 557 So.2d 952 (Fla. 1st DCA 1990), provided that the court was authorized to depart in excess of the one-cell increase now provided in the sentencing guidelines.
Whether the trial court could impose a departure sentence pursuant to a probation violation in excess of one cell above the calculated guidelines range requires close analysis of the recent supreme court decision on rehearing in Ree v. State, 565 So.2d 1329 (1990). In Ree, the court stated that it had "held" in Lambert v. State, 545 So.2d 838 (Fla. 1989), that "any departure sentence for probation violation is impermissible if it exceeds the one-cell increase permitted by the sentencing guidelines." 565 So.2d at 1331. This broad statement goes somewhat beyond the factual situation presented to the court for decision in Lambert, however. For this reason, we do not read the Lambert decision as reaching the precise situation presented to us in this case. Rather, we interpret Lambert as applying only to cases where the factors on which the departure sentence is based relate to the acts or episode constituting the violation of probation or community control. See Lambert, 545 So.2d at 842 ("Accordingly, we hold that factors related to violation of probation or community control cannot be used as grounds for departure."). On close analysis of the facts in both Ree and Lambert, it is clear that the court only addressed situations where a departure sentence in excess of one cell after violation of probation was entered based on factors related to the acts that constituted the violation of probation. Thus, the court found such departure sentences impermissible because: (1) the sentencing guidelines do not permit departure based on an "offense" of which the defendant may eventually be acquitted; (2) even if the defendant were convicted of the offense, departure would constitute double-dipping in that the court would be imposing a departure sentence for probation violation while simultaneously the guidelines would automatically aggravate the sentence for the separate offense that constituted the violation; *302 and (3) violation of probation is not a substantive offense in Florida and cannot be the vehicle for a departure under the basic policies of the guidelines. Ree v. State, 565 So.2d at 1331.
The considerations motivating the decisions in Lambert and Ree do not mandate disregard of the second reason given for departure in this case. Furthermore, the criteria recited in Ree simply do not support application of its holding to the situation in this case. Although the trial court in this case entered a departure sentence pursuant to probation violations that exceeded the one-cell increase permitted by the guidelines, the valid reason for departure in this case, unlike in Ree and Lambert, did not encompass conduct that constituted the probation violations. Rather, the valid reason for departure related to Williams's record as it stood at the time he committed the offense for which he was being sentenced.[2] Because the court could have validly departed from the guidelines on this ground at the time it placed Williams on probation, and because this ground does not relate to acts constituting the probation violations, we conclude that Ree and Lambert do not preclude the imposition of the departure sentence under review.
We recognize that the sentencing guidelines provisions as construed by the supreme court do not permit a trial court to impose a departure sentence after it failed to provide a valid, written reason for departure when the original sentence was imposed. See Shull v. Dugger, 515 So.2d 748 (Fla. 1987). That principle does not apply to this case, however, because the placement of Williams on probation did not constitute imposition of a sentence. See § 948.01(3), Fla. Stat. (1989) (If it appears to the court that the ends of justice and welfare of society do not require that a defendant suffer the penalty imposed by law, the court may, in its discretion, adjudge the defendant guilty or withhold adjudication of guilt, "and, in either case, it shall stay and withhold the imposition of sentence upon such defendant and shall place him upon probation." (emphasis added).) See also Brown v. State, 463 So.2d 1230, 1232 (Fla. 1st DCA 1985). Thus, the trial court was not resentencing Williams when it imposed the sentence at issue; rather, it was imposing a sentence for the first time. Therefore, pursuant to section 948.06(1), Florida Statutes (1989), upon revoking defendant's probation, the court was authorized to impose any sentence that it might have originally imposed before placing Williams on probation.
In light of the broad language in Ree suggesting that any departure sentence imposed after probation violation is impermissible if it exceeds the one-cell increase permitted by the guidelines, we certify to the supreme court the following question as being of great public importance:
AFTER A TRIAL JUDGE WITHHOLDS IMPOSITION OF SENTENCE AND PLACES A DEFENDANT ON PROBATION, AND THE DEFENDANT SUBSEQUENTLY VIOLATES THAT PROBATION, MAY THE JUDGE, UPON SENTENCING THE DEFENDANT FOR THE ORIGINAL OFFENSE, *303 DEPART FROM THE PRESUMPTIVE GUIDELINES RANGE AND THE ONE-CELL INCREASE FOR VIOLATION OF PROBATION, AND IMPOSE AN APPROPRIATE SENTENCE WITHIN THE STATUTORY LIMIT BASED ON A REASON THAT WOULD HAVE SUPPORTED DEPARTURE HAD THE JUDGE INITIALLY SENTENCED THE DEFENDANT RATHER THAN PLACING HIM ON PROBATION?
AFFIRMED.
SHIVERS, C.J., and JOANOS, J., concur.
NOTES
[1] Of the several alternatives open to the trial court at the time of conviction, it chose the most lenient in withholding imposition of sentence and placing Williams on probation. Instead, the court could have sentenced Williams to a straight period of confinement; sentenced him to a total period of confinement, suspended a portion of the confinement period, and placed him on probation for the suspended period; sentenced him to a period of confinement, none of which was suspended, followed by a period of probation; or, sentenced him to a period of probation preceded by a period of confinement imposed as a special condition. Poore v. State, 531 So.2d 161, 164 (Fla. 1988).
[2] Although Williams did not raise as an issue on appeal the correctness of the scoresheet used at the time of sentencing, he did assert in his initial brief that the scoresheet may have contained two errors. First, Williams contends that 11 of the 15 misdemeanors scored on this scoresheet may have been committed after commission of the primary offense. Second, Williams contends that the points for legal constraint contained in this scoresheet may incorrectly reflect his probationary status at the time of sentencing, rather than his status at the time he committed the primary offense.

The record contains two scoresheets: the "first scoresheet," which was prepared for the hearing at which Williams was placed on probation, and the "second scoresheet," which was prepared for the sentencing hearing after revocation of probation. The second scoresheet does reflect points for misdemeanors and legal constraint that were not included in the first scoresheet. However, it is not apparent from the record that the second scoresheet incorrectly reflects Williams's status at the time that he committed the primary offense. Rather, the first scoresheet may have been incorrect. Because Williams did not object to the scoresheet used at the time of sentencing, and because the implied errors are not apparent from the record, the correctness of this scoresheet is precluded from appellate review. Dailey v. State, 488 So.2d 532 (Fla. 1986).