OPINION ON REHEARING
PER CURIAM.
Appellee’s motion for rehearing[1] is granted, the opinion and decision in this case filed on August 30, 1990, is withdrawn, and the following opinion and decision is substituted for the withdrawn opinion.
In 1987 appellant was convicted, under Count IV of the information, of the offense of carrying a concealed weapon, a firearm, contrary to section 790.01(2), Florida Statutes (1987), and was also convicted under Count V of the offense of possession of a short-barreled shotgun under section 790.-221. At sentencing, the trial court sentenced appellant to five years incarceration for the offense in Count IV; and on Count V, the court withheld adjudication and ordered five years probation, to run consecutively to the sentence under Count IV.
Upon revocation of his probation, the trial court departed from the sentencing *816 guidelines and imposed a sentence of five years incarceration, based upon appellant’s unscored juvenile record.[2] Since the departure sentence was based upon reasons unrelated to the acts constituting the probation violation, but rather upon grounds that existed at the time of the original sentencing proceeding, appellant’s sentence was lawful. Williams v. State, 566 So.2d 299 (Fla. 1st DCA 1990).
However, as we did in Williams, we certify the following question as one of great public importance:
AFTER A TRIAL JUDGE WITHHOLDS IMPOSITION OF SENTENCE AND PLACES A DEFENDANT ON PROBATION, AND THE DEFENDANT SUBSEQUENTLY VIOLATES THAT PROBATION, MAY THE JUDGE, UPON SENTENCING THE DEFENDANT FOR THE ORIGINAL OFFENSE, DEPART FROM THE PRESUMPTIVE GUIDELINES RANGE AND THE ONE-CELL INCREASE FOR VIOLATION OF PROBATION, AND IMPOSE AN APPROPRIATE SENTENCE WITHIN THE STATUTORY LIMIT BASED ON A REASON THAT WOULD HAVE SUPPORTED DEPARTURE HAD THE JUDGE INITIALLY SENTENCED THE DEFENDANT RATHER THAN PLACING HIM ON PROBATION?
AFFIRMED.
BOOTH and SMITH, JJ., and WENTWORTH, Senior Judge, concur.

. In its motion for rehearing, the state points out that appellant’s departure sentence upon revocation of his probation was based upon appellant’s prior, unscored juvenile record, rather than upon acts constituting the probation violation. Thus, as the state notes, according to this court’s decision in Williams v. State, 566 So.2d 299 (Fla. 1st DCA 1990) (question certified), the sentence for the original offense is not limited to the one-cell increase permitted by rule 3.701(d)14, Florida Rules of Criminal Procedure, and the court may impose any sentence that lawfully could have been imposed initially. As noted in our Williams opinion, the Florida Supreme Court’s holdings in Lambert v. State, 545 So.2d 838 (Fla.1989), and Ree v. State, 565 So.2d 1329 (Fla.1990), appear to apply only to cases in which the departure sentence is based upon acts constituting the probation violations.

. No contention is made by appellant that the departure reason given by the trial judge is invalid. Although the record does not contain the original guidelines scoresheet, we note the comment by the assistant state attorney, in the probation revocation sentencing transcript, indicating that the trial court also used appellant's unscored juvenile offenses in imposing a departure sentence as to Count IV.