581 So.2d 144 (1991)
Randy WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 76609.
Supreme Court of Florida.
May 30, 1991.
*145 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Virlindia Doss, Asst. Atty. Gen., Tallahassee, for respondent.
GRIMES, Justice.
We review Williams v. State, 566 So.2d 299 (Fla. 1st DCA 1990), in which the court certified the following question as being of great public importance:
AFTER A TRIAL JUDGE WITHHOLDS IMPOSITION OF SENTENCE AND PLACES A DEFENDANT ON PROBATION, AND THE DEFENDANT SUBSEQUENTLY VIOLATES THAT PROBATION, MAY THE JUDGE, UPON SENTENCING THE DEFENDANT FOR THE ORIGINAL OFFENSE, DEPART FROM THE PRESUMPTIVE GUIDELINES RANGE AND THE ONE-CELL INCREASE FOR VIOLATION OF PROBATION, AND IMPOSE AN APPROPRIATE SENTENCE WITHIN THE STATUTORY LIMIT BASED ON A REASON THAT WOULD HAVE SUPPORTED DEPARTURE HAD THE JUDGE INITIALLY SENTENCED THE DEFENDANT RATHER THAN PLACING HIM ON PROBATION?
Id. at 302-03. Article V, section 3(b)(4) of the Florida Constitution provides us with jurisdiction.
Williams was convicted of possession of cocaine with intent to sell. The court withheld sentencing and placed him on seven years' probation. Upon violation of several conditions of probation, the court sentenced Williams to seven years' imprisonment, which was in excess of the one-cell increase authorized by the sentencing guidelines.
The First District Court of Appeal concluded that the first of the two reasons given for departure was invalid.[1] However, the court upheld the second stated reason for departure, which read as follows:
2. The Defendant's prior criminal history includes fifteen (15) misdemeanor convictions and one (1) prior third degree felony conviction. There is an escalating pattern to this criminal conduct as shown by his having committed several misdemeanor offenses which were followed by a third degree felony conviction (Grand Theft in the second degree) and then his conviction of the instant offense which is a felony of the second degree.
Williams, 566 So.2d at 301. The court affirmed the departure sentence, but because of its concern over certain language in Ree v. State, 565 So.2d 1329 (Fla. 1990), modified, State v. Lyles, 576 So.2d 706 (Fla. 1991), and Lambert v. State, 545 So.2d 838 (Fla. 1989), posed the certified question.
In Lambert the Court held that factors related to violation of probation or community control cannot be used as grounds for departure. Thereafter, in Ree we characterized our decision in Lambert as holding that "any departure sentence for probation violation is impermissible if it exceeds the one-cell increase permitted by the sentencing guidelines." Ree, 565 So.2d at 1331. Pointing out that this statement went beyond the facts of Lambert, the court below said that "we interpret Lambert as applying only to cases where the factors on which the departure sentence is based relate to the acts or episode constituting *146 the violation of probation or community control." Williams, 566 So.2d at 301.
We agree with this analysis.
In both Lambert and Ree, the reasons given for departure pertained to the defendant's conduct that led to the violation of probation. Even where such conduct had led to a conviction, we pointed out that to permit this to constitute a reason for departure would result in double dipping. Neither case addressed the propriety of departure for reasons that would have supported departure had the judge initially sentenced the defendant rather than placing him on probation.
Williams argues that it is inconsistent to permit a departure based on reasons which existed at the time he was placed on probation, because in placing him on probation the court necessarily had to find that he was not likely again to engage in a criminal course of conduct. See § 948.01(3), Fla. Stat. (1987). On the other hand, section 948.06(1), Florida Statutes (1987), provides that upon revoking a defendant's probation the court is authorized to impose any sentence that it might have originally imposed before placing a defendant on probation. Moreover, we believe that the position advocated by Williams could have a deterrent effect on probation. A judge might be less willing to give the defendant another chance by putting him on probation if he knew that the preexisting reasons for departure could not be considered in the event the probation was violated. Thus, we hold that the court could properly impose a departure sentence for valid reasons which existed at the time he was placed on probation.
On the merits, we conclude that the second stated reason constituted a valid basis for departure. The pattern of criminal activity which reflects an escalation to more serious crimes has been a recognized basis for departure. See Keys v. State, 500 So.2d 134 (Fla. 1986). While most cases have involved a progression from nonviolent to violent crimes, we do not believe that this is a requirement so long as the defendant has shown a pattern of engaging in increasingly serious criminal activity. Thus, we agree with the rationale of Kirby v. State, 553 So.2d 1290, 1291-92 (Fla. 1st DCA 1989), review denied, 562 So.2d 346 (Fla. 1990), in which the court said:
Section 921.001(8), Florida Statutes, expressly approves an "escalating pattern of criminal conduct" as a permissible reason for departure, noting that it "may be evidenced by a progression from nonviolent to violent crimes or a progression of increasingly violent crimes." While appellant's offenses do not involve violent crimes, we do not construe section 921.001(8) as necessarily requiring a violent progression, as the statutory language indicating that an escalating pattern "may be" so established does not negate the possibility that it may also be established in other ways. We thus adhere to existing case law which approves departure upon an escalating pattern as to the severity of offenses which are strictly nonviolent. See Maulden v. State, 539 So.2d 1165 (Fla. 4th DCA 1989); Simmons v. State, 483 So.2d 530 (Fla. 1st DCA 1986).
The fact that Williams progressed from the commission of misdemeanors to the third-degree felony of grand theft and finally to the instant second-degree felony of possession of cocaine with intent to sell or deliver provided a sufficient basis for the court to conclude that he had shown an escalating pattern of criminal conduct.
We answer the certified question in the affirmative and approve the decision of the district court of appeal.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD and HARDING, JJ., concur.
BARKETT and KOGAN, JJ., dissent.
NOTES
[1] Because the issue is not before us, we do not pass on the correctness of this ruling.