GRIFFIN, Judge.
This is an appeal of a departure sentence imposed after pleas of nolo contendere to two charges of violation of probation. We reverse.
Appellant’s original scoresheet for his grand theft convictions totalled twenty-one points, allowing a maximum violation of probation sentence of thirty months, including the one-cell bump. While appellant was on probation for the underlying charges in this case, he was convicted of sixteen offenses (eight grand thefts, burglary, an uttering, two drug charges, two resisting arrests, one with and one without violence, two charges of fleeing to elude and three non-substantive violations of probation). It is unclear when these offenses were committed.
The trial court sentenced appellant to concurrent five-year terms in prison on each of the two violations. The written and stated reasons for this departure sentence were appellant’s unscored offenses, escalating pattern of criminal conduct, and resistance to rehabilitation. The sole issue on appeal is whether the trial court erred by imposing a departure sentence for these reasons.
In Williams v. State, 581 So.2d 144 (Fla.1991), the supreme court observed that, under section 948.06(1), Florida Statutes (1987), when sentencing a defendant after violation of probation, a “court is authorized to impose any sentence that it might have originally imposed before placing a defendant on probation.” 581 So.2d at 146 (emphasis added). The supreme court reasoned that “[a] judge might be less willing to give the defendant another chance by putting him on probation if he knew that the preexisting reasons for departure could not be considered in the event the probation was violated.” Id. Thus, the supreme court held “that the court could properly impose a departure sentence for valid reasons which existed at the time the defendant was placed on probation”. Id. (emphasis added).
In the instant case, the three reasons the trial court gave for departing related to convictions which occurred after the initial sentencing on the underlying crimes in this case. Because none of these reasons would have supported departure at the time appellant was originally sentenced, we reverse and remand for the court to sentence no more than one cell above the guidelines.
REVERSED and REMANDED for re-sentencing consistent with this opinion.
COBB and HARRIS, JJ., concur.