611 So.2d 596 (1993)
STATE of Florida, Appellant,
v.
Elory T. SCOTT, Appellee.
No. 92-00569.
District Court of Appeal of Florida, Second District.
January 6, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sue R. Henderson, Asst. Atty. Gen., Tampa, for appellant.
*597 James Marion Moorman, Public Defender, and Cynthia A. Dodge, Asst. Public Defender, Bartow, for appellee.
CAMPBELL, Acting Chief Judge.
The state appeals appellee's downward departure sentence, arguing that the written reasons for departure were not filed contemporaneously with sentencing and that the reasons given for departure were invalid. We reverse.
The state argues first, and appellee concedes, that the written reasons for departure were not filed contemporaneously with sentencing. We agree. Next, the state correctly contends that the reasons given for departure are invalid. While in a work release program, appellee failed to report back to the program one evening. He returned voluntarily the next morning. Based upon an agreement with the trial judge that was objected to by the state, appellee pled no contest to one count of escape. The trial court sentenced him to a downward departure sentence of nine months county jail, orally noting several reasons for the departure dealing with the non-egregious circumstances of appellee's offense and the fact that there are no degrees of the offense of escape. The guidelines recommendation was for three-and-one-half to four-and-one-half years in prison with a permitted range of two-and-one-half years to five-and-one-half years. The court's reasons were invalid based on State v. Baker, 498 So.2d 1031 (Fla. 1st DCA 1986), where, under a similar situation of escape from a work release program, similar reasons were found not to support a downward departure. Accordingly, we reverse appellee's sentence.
We do, however, agree with appellee that since we are reversing a sentence that was based on a plea agreement with the trial judge, appellee must be given an opportunity to withdraw his plea. We reverse the downward departure sentence and remand for further proceedings. After the court has given appellee the opportunity to withdraw his plea, upon any resentencing, a guidelines sentence should be imposed.
THREADGILL and BLUE, JJ., concur.