LAZZARA, Judge.
The appellant, Luc Quy Tran, seeks reversal of his jury conviction for second-degree murder based on section 782.04(2), Florida Statutes (1991), contending that the evidence was insufficient to justify a finding that he was a principal to this crime. He also argues that the trial court erred in imposing a sentence in excess of the recommended guidelines sentencing range because its reasons for departure were legally invalid. We reject appellant’s evidentiary argument and affirm his conviction. We agree, however, that the trial court improperly imposed an upward departure sentence. Accordingly, we reverse that sentence and remand for resen-tencing within the guidelines.
The appellant was originally indicted for first-degree felony murder under section 782.04(l)(a)2. The state’s theory of prosecution was that he was the mastermind of a robbery of certain individuals with whom he had associated in the past and that during the course of the robbery one of these individuals was killed by a co-felon. The evidence established, in that regard, that the appellant recruited others to assist him in the robbery; that he prepared a diagram of the location of the robbery (an apartment), which he showed to his cohorts; that he supplied two of these individuals with firearms to use in the robbery, which he personally loaded, while observing that the weapons were needed “[j]ust in case, just for the safety”; that he drove all of the participants to the scene of the robbery; and that, just prior to the robbery, he directed the se *814 quence in which each participant would enter the apartment. During the course of the robbery, one of appellant’s co-felons shot and killed one of the occupants of the apartment, after which they all fled the scene in appellant’s car.
Viewing this evidence in the light most favorable to the state, we conclude that the jury could legitimately find that the appellant was a participant in the murder based on the primary and active role he played in the planning and execution of the events leading up to the crime. See Staten v. State, 519 So.2d 622 (Fla.1988); Segars v. State, 537 So.2d 1052 (Fla. 3d DCA 1989); Williams v. State, 261 So.2d 855 (Fla. 3d DCA 1972); § 777.011, Fla.Stat. (1991). A significant factor leading us to this conclusion is the appellant’s statement regarding the need for him and his co-felons to possess loaded firearms. From this statement, the jury could reasonably infer that he was well aware that these weapons would actually be used against the victims of the robbery with deadly consequences. Accordingly, because there is substantial, competent evidence to sustain the jury’s verdict, we affirm appellant’s conviction.[1]
We next examine the validity of the trial court’s departure sentence. In doing so, we reject the state’s argument that appellant’s failure to object at sentencing now precludes us from considering this issue. As will be discussed, the errors about which appellant complains are apparent on the face of this record in the form of the trial court’s written reasons for departure. Thus, his failure to object below is not fatal to our review of this issue. Taylor v. State, 601 So.2d 540 (Fla.1992).
The parties agreed at sentencing that the recommended guidelines sentencing range was 12 to 17 years with a permitted range of 7 to 22 years. The trial court, however, elected to depart upward and imposed a 30-year sentence. Its written reasons for departure were twofold: (1) the appellant was a “major participant in the crime of robbery,” as well as the “ringleader”; and (2) the appellant “planned the execution of the robbery in a professional manner with organized premeditation.”[2] Regretfully, although the evidence amply supports these findings, we must conclude under the well-established case law of this state that the departure sentence must be reversed.
We initially observe that the trial court’s main focus in its departure order was the appellant’s role in the robbery. We note, however, that for some reason unexplained in the record, the appellant was never charged with robbery. Thus, the trial court was precluded from using the appellant’s participation in the uncharged robbery as the underpinning for its departure reasons because, pursuant to the plain language of Florida Rule of Criminal Procedure 3.701(d)(11),[3] “[jjudges may consider only that conduct of the defendant relating to an element of the offense for which he has been convicted.” State v. Tyner, 506 So.2d 405, 406 (Fla.1987). Or, stated differently, “[cjharges arising from the same criminal episode which are not filed *815 cannot be used as reasons for departure.” Banzo v. State, 464 So.2d 620, 621-622 (Fla. 2d DCA 1985); accord Young v. State, 502 So.2d 1347 (Fla. 2d DCA 1987). Moreover, although we recognize that robbery was alleged in the indictment as the underlying basis for the charge of first-degree felony murder, the jury’s acquittal as to that charge necessarily foreclosed the trial court from considering appellant’s role in the robbery as a factor justifying an upward departure sentence. See Widner v. State, 520 So.2d 676 (Fla. 1st DCA 1988); McCammon v. State, 510 So.2d 657 (Fla. 2d DCA 1987). We conclude, therefore, that the trial court im-permissibly relied on an aspect of appellant’s conduct in this criminal episode for which he was neither charged nor convicted.
Aside from this deficiency, we also conclude that none of the trial court’s reasons for departure pass legal scrutiny. As to the first reason, we have held that characterizing a defendant as “the major force behind the offense” is not a valid reason for exceeding the sentencing guidelines. Osorio v. State, 569 So.2d 1375, 1376 (Fla. 2d DCA 1990). The “professional manner” aspect of the second reason is also invalid because our supreme court has unequivocally found “the professional manner in which a crime is committed to be an invalid reason for departing from a recommended guideline sentence in any case.” Hernandez v. State, 575 So.2d 640, 642 (Fla.1991) (emphasis added). Finally, the “organized premeditation” with which appellant carried out the robbery is likewise insufficient to justify an upward departure sentence because premeditation is an inherent component of any robbery. Hansbrough v. State, 509 So.2d 1081, 1088 (Fla.1987); accord Cameron v. State, 642 So.2d 1094 (Fla. 1st DCA 1994).
Accordingly, because the trial court’s primary focus for departure was an uncharged offense, and because all of its reasons for imposing a departure sentence were otherwise legally invalid, we are compelled to reverse that sentence and to remand for resen-tencing within the guidelines as mandated by Shull v. Dugger, 515 So.2d 748 (Fla.1987). We, therefore, affirm the appellant’s conviction for second-degree murder but reverse his sentence and remand for resentencing.
Affirmed in part, reversed in part, and remanded for resentencing with directions.
DANAHY, A.C.J., and PARKER, J., concur.

. As noted, appellant’s conviction for second-degree murder was based on section 782.04(2), which prohibits "[t]he unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life.” This offense is a necessarily lesser included offense of first-degree felony murder for which the trial court was required to instruct appellant's jury. Scurry v. State, 521 So.2d 1077 (Fla.1988). Of course, the appellant could not be convicted of second-degree felony murder under section 782.04(3) because the homicide was committed by one of his co-felons. State v. Dene, 533 So.2d 265 (Fla.1988).

. After orally pronouncing its reasons for departure, the trial court properly followed the procedure of State v. Lyles, 576 So.2d 706 (Fla.1991), by later entering a written order on the day of sentencing, which was then filed with the clerk on the next business day. We are concerned, however, that the reasons set forth in the written order may be substantively different from those orally articulated to the appellant at sentencing. See id.; Coleman v. State, 521 So.2d 265 (Fla. 2d DCA 1988). We need not address this concern given our conclusion that the departure sentence must be reversed for other reasons.

.This rule provides in part that "[r]easons for deviating from the guidelines shall not include factors relating to ... the instant offenses for which convictions have not been obtained.”