PER CURIAM.
Defendant appeals from a revocation of probation. For the following reasons, we reverse.
At the revocation hearing, the trial court expressed confusion over whether, rather than revoking probation that had been imposed in 1992, it could instead impose more severe probation terms. The court believed that the defendant was amenable to continued therapy and treatment. The court determined that it lacked such discretion, and revoked defendant’s probation, urging defense counsel to seek review in this court.
Section 948.06(3), Florida Statutes (1991), provides that “[u]pon the probationer or offender being brought before it, the court which granted the probation or community control may revoke, modify, or continue the probation or community control.” (Emphasis added.) The statute thus grants the trial court the discretion to modify the probationary sentence rather than revoke it.
Accordingly, we reverse and remand to allow the trial court to exercise its discretion and reconsider the revocation of probation in light of this opinion.[1]
Reversed and remanded with directions.

. Of course, the trial court may choose to exercise its discretion to arrive at the same conclusion that it previously reached.