THOMPSON, Judge.
Robert Wilson files this belated appeal to correct an improper departure sentence.[1] The trial court sentenced Wilson for violation of probation in two separate cases in 1991 and ordered him to serve concurrent five year departure sentences in each case. Because none of the reasons given by the trial court supported departure in one of Wilson’s cases, we reversed and remanded for resen-tencing with directions that Wilson could not be sentenced to more than one cell above the guidelines. Wilson v. State, 592 So.2d 1233 (Fla. 5th DCA 1992). Unfortunately for Wilson, his counsel had filed a notice of appeal in only one case and thus the mandate applied to that case only.
In the instant case, Wilson filed a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a) and a motion for post-conviction relief pursuant to Ride 3.850. The trial court denied both motions, but eventually Wilson was granted a belated appeal. After reviewing the record and the response of the state, we agree with the state that Wilson dictates reversal of the departure sentence. We remand for imposition of a sentence no more than one cell above the guidelines. Id.
REVERSED and REMANDED for sentencing consistent with this opinion.
PETERSON, C.J., and HARRIS, J., concur.

. This court granted Wilson’s motion to appeal by court order dated 5 September 1995.