698 So.2d 331 (1997)
STATE of Florida, Appellant,
v.
Bruce J. McGRIFF, Appellee.
No. 96-02989.
District Court of Appeal of Florida, Second District.
August 8, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and Carol J.Y. Wilson, Assistant Public Defender, Clearwater, for Appellee.
*332 PARKER, Chief Judge.
The State of Florida appeals the downward departure sentence that the trial court imposed upon Bruce J. McGriff after he entered a plea of nolo contendere to the charges of attempted robbery in Case No. 95-12172CFANO and to battery on a law enforcement officer and resisting arrest without violence in Case No. 95-18629CFANO. We reverse because the trial court's reasons for departure are invalid. Because the sentencing error is an unauthorized departure, which is apparent on the face of the record, the state's failure to object to the trial court's failure to orally articulate the departure reasons is not fatal to its appeal of the downward departure sentence. See Tran v. State, 667 So.2d 812, 814 (Fla. 2d DCA 1995).
The trial court listed four reasons for departure, none of which are valid. The first reason, that "these cases do not require a lengthy prison [term]," is an expression of the trial court's disagreement with the sentencing guidelines. Without at least one other valid reason, departure is unauthorized. Scurry v. State, 489 So.2d 25, 29 (Fla.1986). See also State v. Lerman, 624 So.2d 849 (Fla. 2d DCA 1993).
The second reason the trial court gave was that there was no personal injury, no loss of property, and no firearm used. The second reason is invalid because these factors are taken into consideration when the scoresheet is completed. The attempted robbery charge means that no property was taken. Furthermore, the scoresheet provides for victim injury and for use of a firearm and, thus, these factors have been contemplated by the guidelines. See State v. Baker, 498 So.2d 1031, 1032 (Fla. 1st DCA 1986); see also State v. Scott, 611 So.2d 596, 597 (Fla. 2d DCA 1993) (lack of egregious circumstances was invalid reason for departure).
The third reason the court listed was that McGriff cooperated in resolving the current offenses or other offenses. The third basis for departure is a listed mitigating factor; however, merely pleading guilty is not sufficient evidence to support this basis for departure. See State v. Collins, 482 So.2d 388 (Fla. 5th DCA 1985). There is nothing in the record to support that McGriff cooperated to resolve these or any other offenses.
Finally, the fourth reason for departure was that the offenses were committed in an unsophisticated manner. We note that the trial court marked through the remaining portion of the printed language on the sentencing form which states that the offenses were "isolated incident[s] for which the defendant has shown remorse." The record does not support the trial court's determination that the attempted robbery was committed in an unsophisticated manner. McGriff drove up to some people on a side street and indicated that he had a weapon under his shirt and that he wanted their money and personal items. The people ran away. When he was stopped, he actually had a tire iron underneath his shirt. Additionally, McGriff's prior record is extensive;[1] therefore, it cannot be said that these were isolated incidents. Finally, the record does not establish that he showed any remorse for his actions. Accordingly, this also was an invalid reason for departure.
The trial court erred by imposing a downward departure sentence because the reasons for departure were invalid. Therefore, we remand this case to the trial court with instructions to allow McGriff to withdraw his plea; however, upon any resentencing, McGriff must be sentenced within the guidelines. Scott, 611 So.2d at 597.
Reversed and remanded.
CAMPBELL and NORTHCUTT, JJ., concur.
NOTES
[1] At the change of plea hearing, the prosecutor advised the trial court that McGriff's prior record included four charges for sale of cocaine, five charges for possession of cocaine, two charges for grand theft auto, and eight various misdemeanor charges. The prosecutor also informed the court that while McGriff was out on bond on the attempted robbery charge, he was picked up on possession of cocaine and loitering and prowling charges. Apparently, McGriff entered a plea to the possession of cocaine charge for a time-served sentence.