PER CURIAM.
A.R., a juvenile, appeals his commitment, arguing that proper procedures were not followed in the commitment’s imposition. We reverse.
A.R. pleaded guilty to petit theft. He committed this crime on February 25, 1997,[1] in Duval County, when he shoplifted candy and cigars from a Winn-Dixie store. The trial judge adjudicated A.R. delinquent, sentenced him to low-risk commitment for sixty days, and recommended a STEP camp for boys. The judge explained that he was rejecting the “community control” recommendation of the Department of Juvenile Justice (department) because A.R. previously stole from the same store, has disciplinary problems at school, was suspended from a school drop-out prevention program and, despite previous youth mediation, stole in the instant case “because he wanted something sweet.” A.R. objected to the judge’s departure from the department’s recommendation.
We affirm A.R.’s adjudication of delinquency without discussion. We reverse A.R.’s commitment, however, to allow the court to receive and consider a recommendation from the department as to restrictiveness level. See S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996) (holding that, where the department recommends community control for a juvenile, the trial court is required to receive and consider a further restrictiveness-level recommendation before ordering the juvenile’s commitment).
We accordingly affirm A.R.’s adjudication of delinquency, reverse A.R.’s commitment, and remand for another recommendation from the department.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.

. AR was fifteen at the time of the instant crime.