702 So.2d 604 (1997)
STATE of Florida, Appellant,
v.
Jerry Lee MOORE, Appellee.
No. 97-00896.
District Court of Appeal of Florida, Second District.
December 10, 1997.
*605 Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant.
Donald P. Day of Berry & Day, P.A., Naples, for Appellee.
PER CURIAM.
The State appeals the downward departure sentence imposed by the trial court upon the revocation of Jerry Moore's probation. We agree with the State's contention that none of the reasons for departure are valid and reverse and remand for resentencing.
Moore was originally convicted of two counts of attempted sexual battery on a child less than twelve years of age. He was sentenced to 15 years' imprisonment followed by 15 years' probation. After serving approximately 1½ years of the probation, Moore was arrested for DUI and attaching a tag not assigned to a vehicle. An affidavit of violation of probation was filed against Moore, and he entered a conditional plea of no contest. Moore's scoresheet indicated a recommended sentence of 12 to 17 years and a permitted sentence of 9 to 22 years. The trial court imposed a downward departure sentence of 3 years' imprisonment[1] followed by 13½ years' probation based on the following reasons: "Employer reports excellent work history for 1 ½ yrs. The court feels 15 yr. sentence for a DUI violation is excessive under the facts of this case. Defendant's probation record is good."
Moore's probation record and his work history while on probation are invalid reasons for departure because they are not factors that existed at the time Moore was originally placed on probation. Williams v. State, 581 So.2d 144 (Fla.1991). The trial court's feeling that a recommended sentence is excessive is also not a valid reason for departure. Scurry v. State, 489 So.2d 25, 28 (Fla.1986).
Accordingly, we reverse Moore's downward departure sentence. In light of the fact that the sentence was based on a plea agreement with the trial court, Moore must be given the opportunity to withdraw his plea. After that opportunity has been given, upon any resentencing, a guidelines sentence should be imposed. State v. Scott, 611 So.2d 596 (Fla. 2d DCA 1993).
Reversed and remanded for resentencing.
WHATLEY and NORTHCUTT, JJ., concur.
ALTENBERND, A.C.J., dissents.
ALTENBERND, Acting Chief Judge, dissenting.
I agree that Williams v. State, 581 So.2d 144 (Fla.1991), prohibits a trial judge, on a violation of probation, from imposing a departure sentence for reasons that did not exist at the time of the original sentence. Williams, unlike this case, involved an upward *606 departure. At the revocation hearing, the State never argued that Williams applied to a downward departure. Instead, the State relied on Franquiz v. State, 682 So.2d 536 (Fla.1996), for the proposition that the trial court must give contemporaneous written reasons for a downward departure. Ironically, contrary to Williams, Franquiz expressly holds that a trial court must determine the reasons for a downward departure at a revocation hearing "based upon all the circumstances through the date of the revocation sentencing." Id. at 538.
When a judge imposes a split sentence including a lengthy prison term, the defendant will usually have many opportunities for rehabilitation before he violates probation. We ought to give prisoners incentives to rehabilitate. Under Williams, if a defendant is making good progress on probation, but commits a small infraction, the trial judge has only two options. Either the judge can decline to find a violation of probation and impose no penalty for the small infraction, or the judge must impose a guidelines sentence, which may involve a lengthy prison term. When a defendant's conduct after the original sentencing hearing strongly suggests that he or she is capable of rehabilitation, I see no reason why the judge should not be allowed to find a violation of probation, but impose a downward departure sentence involving a short term in prison or jail followed by renewed probation. See, e.g., Hunt v. State, 685 So.2d 964 (Fla. 3d DCA 1996) (holding that upon finding defendant violated probation, trial court did not have to revoke probation and impose guidelines sentence, absent valid reasons for downward departure; section 948.06(3) also gave trial court discretion to continue or modify probation), review denied, 693 So.2d 33 (Fla.1997).
In this case, the trial court expressly based this modest downward departure on the defendant's work history after release from prison and on a finding that his "probation record is good." There is at least some evidence supporting these findings in the record, and the State does not argue that the reasons are unsupported. I conclude that Franquiz modified the holding in Williams. If it did not, then the two cases would appear to be in conflict.
Admittedly, the courts have attempted to create a legal analysis for down ward departures that mirrors the analysis for upward departures. If we rely on experience rather than pure logic, downward departures are not always upwards departures examined through the looking glass. Recently, the supreme court appears to have provided an analysis of downward departures that was not paired to the analysis used for upward departures. See Pease v. State, 22 Fla. L. Weekly S624 (Fla. Oct. 9, 1997). This may not be the appropriate case for the supreme court to re-examine Williams in the context of a downward departure because the State did not preserve the issue, and the extent of the downward departure is modest. It should, however, clarify the rules announced in Franquiz and Williams.
NOTES
[1] While this may appear to be a downward departure of approximately 6 years, it is for practical purposes a downward departure of approximately 4½ months, as the trial court gave no credit for time served. Moore had previously served approximately 5 years, 7½ months on this charge. A 9-year guidelines sentence with credit for time served would have been the practical equivalent of the invalid downward departure sentence of 3 years without credit for time served.