707 So.2d 1155 (1998)
STATE of Florida, Appellant,
v.
Christopher LICEA, Appellee.
No. 96-05295.
District Court of Appeal of Florida, Second District.
February 20, 1998.
*1156 Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Assistant Public Defender, Clearwater, for Appellee.
PARKER, Chief Judge.
The State of Florida appeals a downward departure sentence imposed on Christopher Licea after Licea pleaded guilty to violations of community control. We reverse.
In February 1995, Licea entered a plea to robbery and was sentenced to four years' probation as a youthful offender. In June 1995, Licea pleaded guilty to the charge of dealing in stolen property and admitted to a violation of probation in the robbery case. The trial court sentenced him to two years' community control in each case.
In December 1996, Licea entered an admission to the violation of community control in both the robbery and dealing in stolen property cases. The State requested a sentence of thirty-six months' incarceration. The sentencing guidelines' range was from a minimum term of 36.75 months to a maximum of 61.25 months in state prison.
Licea received a downward departure sentence of three years' state prison, which was suspended, and one year in the Pinellas County Jail followed by two years' community control. At the sentencing hearing, the trial judge stated the following reasons for the downward departure sentence: (1) Licea's age; (2) the fact that Licea's girlfriend was pregnant; and (3) the fact that he was more of a follower than a leader. The trial court did not file a transcript of the hearing or written reasons for the downward departure.
The failure to file written reasons for a downward departure sentence was addressed recently by the Florida Supreme Court in Pease v. State, 22 Fla. L. Weekly S624, ___ So.2d ___ (Fla.1997). In Pease, the supreme court concluded "that once it is established that there were valid reasons for sentencing the defendant below the guidelines explicated at the time of sentencing, that sentence should not be affected by the unilateral mistake of `an officer of the state.'" Id. at S624, at ___. In this case, the sentencing judge clearly made a mistake by failing to *1157 file written reasons for departure. Based upon the holding in Pease, the inquiry in this case must focus on the reasons given by the sentencing judge for departure at the sentencing hearing to determine whether such reasons are valid.
Without taking any evidence at the hearing, the trial court relied upon the above-listed three factors for the downward departure. None of these factors reasonably justify the downward departure.
Regarding age, this court has stated: "The youthful age of an offender is not a valid reason for a departure sentence unless there are other factors present, such as emotional immaturity or lack of intelligence." State v. Evans, 630 So.2d 203, 203 (Fla. 2d DCA 1993). In those cases where age has been considered, it generally has been accompanied by a showing of the defendant's clean record. Even with a clean record, this court has required a greater showing, such as the support of friends and family. See State v. Williams, 637 So.2d 45, 46 (Fla. 2d DCA 1994).
In this case, Licea's age was not accompanied by any other factor except his girlfriend's pregnancy and the fact that he was a follower rather than a leader. Moreover, Licea's prior criminal record is not worthy of consideration for downward departure purposes.
Second, Licea's girlfriend's pregnancy cannot be considered a valid basis for downward departure for several reasons, the most important of which is that it is against public policy. Defendants certainly would seek to impregnate girlfriends or spouses, or become impregnated, if they believed that it would have an impact on an impending sentence. Because such a scenario is unconscionable to this court, we strongly disagree that the second reason is a valid reason for departure. Furthermore, there was no evidence or testimony presented at the sentencing hearing to prove: (1) that the girlfriend was pregnant; (2) that Licea was the father of the unborn baby; or (3) that Licea intended to assume responsibility for the child once it was born.
Finally, Licea's alleged personality trait of being more of a follower than a leader also is not a valid basis for the departure sentence. This factor would be valid if the defense had shown that Licea was "an accomplice to the offense and was a relatively minor participant in the criminal conduct." See § 921.0016(4), Fla. Stat. (1993). However, Licea was the principal perpetrator in the underlying crimes, and this departure sentence was the result of Licea's violation of community control. Furthermore, there was no evidence presented to prove this alleged personality trait, only defense counsel's statements.
Accordingly, the sentencing court erred in entering a downward departure sentence based on the factors stated. These factors did not reasonably justify the downward departure as required by section 921.001(6), Florida Statutes (Supp.1994). Moreover, the second and third factors were not proven by a preponderance of the evidence because no testimony or evidence was presented. If there had been no plea agreement, we would remand this case for the imposition of a new sentence within the sentencing guidelines. See Pope v. State, 561 So.2d 554 (Fla.1990); State v. Tiedge, 670 So.2d 191 (Fla. 3d DCA 1996). Because there was a specific plea agreement that no longer can be carried out in accordance with its original terms, Licea must be given an opportunity to withdraw his plea and proceed to trial. See State v. Scott, 611 So.2d 596, 597 (Fla. 2d DCA 1993); Tiedge, 670 So.2d at 192. If Licea declines the opportunity to withdraw his plea, the sentencing court must impose a guidelines sentence. See Scott, 611 So.2d at 597.
Reversed and remanded.
PATTERSON and NORTHCUTT, JJ., concur.