COBB, Judge.
D.K., a juvenile, appeals from a disposition order. D.K. contends that the juvenile court erred in imposing a level 6 commitment restrictiveness level where the court rejected the Department of Juvenile Justice’s recommendation of community control and then failed to obtain a recommendation from the Department as to the appropriate restrictiveness level. The defendant relies on section 39.052(4)(e)(2), Florida Statutes, which provides:
If the court determines that commitment to the department is appropriate, the intake counselor or case manager shall recommend to the court the most appropriate placement and treatment plan, specifically identifying the restrictiveness level most appropriate for the child. If the court has determined that the child was a member of a criminal street gang, that determination shall be given great weight in identifying the most appropriate restrictiveness level for the child. The court shall consider the department’s recommendation in making its commitment decision. (Emphasis added).
The First District has held that, under this subsection, it is error for the juvenile court to reject the Department’s non-commitment recommendation and commit a juvenile without obtaining a restrictiveness level recommendation from the Department. The court held in this regard that community control is not a “restrictiveness level.” See A.R. v. State, 702 So.2d 604 (Fla. 1st DCA 1997); O.M. v. State, 689 So.2d 1265 (Fla. 1st DCA 1997); S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996).
The Second District disagrees and holds that once the juvenile court has rejected the Department’s non-commitment recommendation, the court does not have to ask the Department for a second restriction level recommendation before committing the juvenile. See D.L.B. v. State, 707 So.2d 844 (Fla. 2d DCA 1998), review granted, 717 So.2d 530 (Fla.1998). We also note that the Supreme *190 Court has recently granted review of this issue in D.L.B. and E.D.P. v. State, 23 Fla. L. Weekly D348, — So.2d-(Fla. 1st DCA 1998), review granted, No. 92,345, — So.2d -(Fla. May 19, 1998).
While this district is aligned with the Second District’s view,[1] we find it unnecessary in this case to reach the issue. The defendant failed to object at the disposition hearing to the court’s alleged oversight. A specific, timely objection in this context is essential since the purported error could conceivably be cured at the hearing. The alleged error is not fundamental in nature and is waived, in the absence of a proper objection. See Summers v. State, 684 So.2d 729 (Fla.1996); State v. Montague, 682 So.2d 1085 (Fla.1996).
AFFIRMED.
GRIFFIN, C.J., and THOMPSON, J., concur.

. See J.B. v. State, 715 So.2d 1144 (Fla. 5th DCA 1998), A.H.D. v. State, 715 So.2d 1145 (Fla. 5th DCA 1998).