BLUE, Judge.
The State appeals a downward departure sentence for a violation of community control. We reverse because the trial court’s reason for departure is not supported by the record.
The trial court announced that it was departing downward based on Antonio M. Robinson’s need for drug treatment. However, nothing in the record showed that Robinson was amenable to rehabilitation. “[Sjubstance abuse, standing alone, cannot justify a departure. There must also be a finding based upon competent substantial evidence that if the defendant’s sentence is reduced in order to permit treatment for the dependency, there is a reasonable possibility that such treatment will be successful.” Herrin v. State, 568 So.2d 920, 922 (Fla.1990). Because the trial court made no such finding in this case and, in fact, no evidence was presented to establish Robinson’s amenability to treatment, we reverse.
Robinson entered an open plea to the violations. Accordingly, on remand, the trial court shall impose a guidelines sentence unless Robinson is otherwise entitled to withdraw his plea. See State v. Licea, 707 So.2d 1155 (Fla. 2d DCA 1998).
Reversed and remanded for resentencing.
CAMPBELL, AC.J., and NORTHCUTT, J., Concur.