PER CURIAM.
The State of Florida appeals the downward departure sentence entered after Dominguez pleaded guilty to a violation of probation in three separate cases charging Dominguez with six counts of dealing in stolen property, two counts of grand theft, and four counts of burglary. The State correctly argues that the trial court erred in departing from the guidelines based upon a finding that Dominguez required specialized treatment for addiction. We reverse because there was no competent, substantial evidence to support a finding that Dominguez was amenable to drug treatment.
A departure sentence based upon the need for specialized treatment for addiction will be affirmed if there is evidence of substance abuse and a finding based upon competent, substantial evidence that the defendant is amenable to treatment.[1] See Herrin v. State, 568 So.2d 920, 922 (Fla.1990). In this case, the State does not dispute that there was evidence of substance abuse, but correctly argues that there is no competent, substantial evidence that Dominguez is amendable to rehabilitation. The only evidence before the trial court of Dominguez’s amenability to rehabilitation was Dominguez’s agreement to enter a rehabilitation program in exchange for a suspended sentence. However, there is no evidence that Dominguez has made a serious effort to abstain from drugs. In fact, Dominguez has received a suspended sentence twice on the condition that he complete a drug treatment program and has failed twice to complete the program. Accordingly, the trial court’s decision that Dominguez is amenable to treatment is not supported by competent, substantial evidence.
Because the record does not support the trial court’s downward departure, we reverse the sentence. Dominguez must be given an opportunity to withdraw his plea. See State v. Moore, 702 So.2d 604, 605 (Fla. 2d DCA 1997). Upon any resentencing, the court must impose a guidelines sentence. See id.
Reversed.
PARKER, C.J., and GREEN and CASANUEVA, JJ„ Concur.

. Because all of Dominguez’s crimes were committed on or before April 17, 1997, the trial court could consider the need for drug treatment as a valid reason for departure. However, section 921.0016(5), Florida Statutes (1997), effective July 1, 1997, now precludes the need for drug treatment as a valid reason for departure.