738 So.2d 962 (1999)
STATE of Florida, Appellant,
v.
Christopher D. BRAY, Appellee.
No. 98-02784.
District Court of Appeal of Florida, Second District.
June 4, 1999.
*963 Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellant.
Larry C. Hoffman, Clearwater, for Appellee.
SALCINES, Judge.
The State appeals the downward departure sentence Christopher D. Bray received following his adjudication of guilt rendered pursuant to a plea. Because the trial court erred in imposing a downward departure sentence without providing valid reasons for departure, we reverse.
On August 15, 1997, Bray was stopped, while driving, by an officer who knew that he did not possess a driver's license. A search revealed a fictitious driver's license. The State charged Bray with one count of unauthorized possession of a driver's license; a second count for driving while license suspended or revoked; and, a third count for false and fraudulent motor vehicle insurance application. Bray initially pleaded not guilty.
Bray ultimately changed his plea to guilty on all charges based upon an agreement with the trial court that he would receive concurrent sentences of thirty-five months' incarceration on counts one and two, and such terms of incarceration were to be suspended. The agreement also provided that Bray would receive two concurrent sentences of two years' community control with no credit for time served on the suspended sentences, followed by three years' probation with standard drug probation conditions. On count three, Bray was to be sentenced to time served.
The sentencing guidelines scoresheet reflected a minimum prison sentence of thirty-five months' incarceration. At the sentencing hearing, the State objected to any mitigation in sentence on the grounds that there were no legal reasons upon which to depart from the guidelines. The court, nonetheless, sentenced Bray in accordance with the agreement.
Suspending the incarcerative portion of a sentence, as the court did in the present case, is appropriate if a valid reason for a downward departure exists. See State v. Powell, 703 So.2d 444 (Fla. 1997). The judge stated, in open court, that he imposed a departure sentence because Bray's crimes were not violent and Bray had to support and provide shelter for his minor daughter over whom he had custody. Neither of these reasons are contained in the statutorily enumerated list of approved grounds to mitigate sentences. See § 921.0016(4), Fla. Stat. (Supp.1996). Although all bases for departure need not be taken from the enumerated list, we hold that the stated reasons for departure were invalid under the facts of the present case.
The fact that the crimes were nonviolent was not a valid reason because it was already taken into account in scoring the crimes. See State v. McGriff, 698 So.2d 331 (Fla. 2d DCA 1997). Likewise, the fact that Bray had custody of and needed to support his daughter was not a valid basis for a downward departure. While we are not unsympathetic to the trial judge's concern that incarcerating Bray may place the burden of caring for the child on the taxpayers of this state, such a consideration cannot be employed in determining whether one defendant will be incarcerated while another will be given a nonincarcerative sentence. The downward departure sentence must be set aside.
It appears that Bray entered into the plea agreement based upon an understanding with the judge that the sentence he received would be the same as that set forth in the change of plea form. On *964 remand, Bray should be offered an opportunity to withdraw his guilty plea. See State v. Scott, 611 So.2d 596 (Fla. 2d DCA 1993).
Reversed and remanded for further proceedings.
PATTERSON, A.C.J., and DANAHY, PAUL W., (Senior) Judge, Concur.